## D. B. SANBORN *v.* HIS CREDITORS.

PRACTICE UNDER INSOLVENT LAW.—If an insolvent fails or refuses to answer an accusation of fraud, the Court may dismiss his case.

IDEM.—If an insolvent fails to answer a charge of fraud, the Court cannot take his estate and distribute it among his creditors without discharging him from their claims against him.

APPEAL from the County Court of Tehama County.

One of the defendants appealed.

The facts and points of counsel are stated in the opinion of the Court.

*George Cadwalader,* for Appellant.

*Robert Robinson,* and *Ramage & Smith,* for Respondent.

By the Court, SANDERSON, J. :

This is a proceeding under the statute for the relief of insolvent debtors and the protection of creditors.

The discharge of the petitioner was opposed by one of the creditors upon the ground that he was possessed of property which he had fraudulently omitted from his schedule.    To

this accusation of fraud the petitioner made no answer, and the creditor moved for judgment of guilty, as in case of default, which was denied. Thereupon the petitioner asked leave to amend his schedule by adding thereto a list of property which had been omitted when his schedule was first prepared, because, as alleged, he supposed, and was advised by counsel, that he had no legal or valid claim thereto. This motion being resisted by the opposing creditor, was denied. Thereupon the petitioner moved that he have leave to withdraw his petition, and that all the proceedings be dismissed, which motion was also denied, but the Court, immediately thereafter, of its own motion, and for the reason that the petitioner had failed to answer the accusation of fraud, ordered the entire proceedings to be finally dismissed. From this order the opposing creditor has appealed.

The only points made on the appeal are: first—that the order of dismissal should have been so worded as to retain the property of the insolvent for distribution among his creditors; and, second—so as "to forever deprive the insolvent of the benefit of the laws passed for the relief of insolvent debtors in this State;" which mean, if we understand them, that there should have been no order of dismissal at all, but a final judgment, denying the petitioner a discharge from his debts, and forever depriving him of the benefit of all laws which have been or may be passed in this State for the relief of insolvent debtors, yet accepting the surrender of his estate and distributing it among his creditors; which, we think, would be a very novel judgment, and one not authorized by the statute. The statute, as its title imports, was intended for the relief of insolvent debtors and the protection of creditors. The "relief" and the "protection," for which it provides, proceed *pari passu*. If the debtor, for any cause, is entitled to no "relief," the creditors are entitled to no "protection," for they stand in need of none, except such as is afforded by the general laws in relation to the collection of debts. Hence, if, upon the trial of

an accusation of fraud, the debtor is found guilty, the final judgment is that his discharge be denied, and that he be forever deprived of the benefit of the laws passed for the relief of insolvent debtors in this State. (Sec. 23.) With this judgment the entire proceedings terminate, and the relation of the petitioner and his creditors in respect to each other, and to the estate of the former, remain as at the commencement, except that the petitioner becomes liable to the pains and penalties provided in the twenty-fifth section.

If the Court below committed any error, as against the appellant, it was in denying his motion for judgment (of the character above indicated) upon the failure of the petitioner to answer the accusation of fraud within the time fixed by the Court.

What course is to be pursued where the petitioner fails to answer an accusation of fraud, the statute fails to provide in terms, yet we think it can be readily inferred. The statute does not authorize a judgment against the petitioner of the character already indicated, merely upon his failure to answer the accusation of fraud. It only provides that after having received the insolvent's answer to the accusation the Court shall order a jury to be summoned for the purpose of trying the issue thus joined, and if the jury find the accusation to be true, that the insolvent shall forever be deprived of the benefit of the laws passed for the relief of insolvent debtors in this State, which is to say, that a judgment to that effect shall be rendered against him. Thus no power is given to the Court to adjudge him guilty of fraud, except upon the verdict of a jury, upon an answer or plea of not guilty, and no power is given to the Court to compel him to answer, or to answer for him. Such being the case, it follows that the failure, or refusal, of the insolvent to answer amounts to nothing more than a failure to prosecute his proceeding, for which, as in all other cases, the Court may enter a judgment of dismissal, as was finally done in the present case. Of such a result the creditors cannot complain, for the proceeding being discontinued they are at liberty to proceed in the

ordinary way to subject the property of the debtor to the payment of their claims. The creditors, *as such,* are interested only to the extent of defeating the discharge of the insolvent debtor; the remaining consequences are in the nature of punishment for crime, and lie between the insolvent and the people of the State.

Whether, after an accusation of fraud has been made, the insolvent can be allowed to amend his schedule, we need not determine. If the Court below erred in not allowing it to be done in this case, the error was not against the appellant, but the respondent, who has not appealed.

Judgment affirmed.

CROCKETT, J., concurring specially:

I concur in so much of the opinion of Mr. Justice Sanderson as holds that the dismissal of the petition was equivalent to a denial of a discharge to the debtor. It was equivalent to an adjudication that the charge of fraud stood confessed for want of a denial, and that the petitioner was therefore not entitled to a discharge. We are not called upon to review the action of the Court in this aspect of the case, inasmuch as the petitioner has not appealed. The opposing creditor, who has appealed, raises only two points: first— that, in dismissing the petition, the Court should have so framed the order as, in express terms, to have retained the property of the debtor for distribution among the creditors; second—that the order ought also to have provided that the petitioner should be denied the benefit of the laws passed for the relief of insolvent debtors. On the first point it is sufficient to say that if, by operation of law, the property remained as a fund for creditors, to be distributed under the order of the Court, it needed no special order to give it that direction. It would remain for that purpose, even though the Court failed so to direct in terms. It cannot, therefore, be assigned as error that the Court failed or refused to make the order, inasmuch as the creditors are not injured thereby.

But treating the dismissal of the petition as an adjudication that the charge of fraud was confessed by a failure to answer it, if it were necessary for us to decide in this case, whether, under these facts, the property surrendered could be restored to the petitioner, I should have no hesitation in holding that it could not.  If the fraud had been denied, and an issue on that point had gone to a jury and been decided against the petitioner, it is plain he would not only have been denied a discharge, but the property would have been retained for distribution to the creditors.  From sections nine, thirty-four, and thirty-seven of the Act for the relief of insolvent debtors, it is apparent that when the Court has acquired jurisdiction of the proceeding the title to the insolvent's property vests in the assignee, and the property is thenceforth to be administered for the benefit of creditors, even though it should subsequently appear that the petitioner had been guilty of fraud, which precluded him from a discharge. (*Cohen* v. *Barrett*, 5 Cal. 195.)

In the case under consideration there was no issue of fraud submitted to a jury; but the Court held the fraud to be confessed by a failure to deny it; and the same result would follow as if there had been a verdict of a jury on that point against the petitioner.  The second point made by the appellant exhibits no error in the Court below.  Section twenty-three of the Act provides that if there shall be an issue of fraud, which shall be found by the jury against the petitioner, "the said debtor shall forever be deprived of the benefit of the laws passed for the relief of insolvent debtors in this State."  This is to be a consequence of the adjudication that he was guilty of fraud.  It need not, however, be incorporated into the order denying the discharge.  It may be set up in bar of any future application for the benefit of the Insolvent Laws; but it would be irregular and useless to include such a provision in the order denying the discharge.

On the whole, I perceive no error in the record, and concur in the order affirming the judgment.

Mr. Chief Justice SAWYER expressed no opinion.