[No. 2,947.]

WILLIAM POEHLMANN v. E. C. KENNEDY, A. J. SAULMANN, W. T. WALLACE, W. W. STOW AND THE FIREMAN'S FUND INSURANCE COMPANY, AND HENRY L. DAVIS, INTERVENOR.

ASSIGNEE IN INSOLVENCY.—The assignee in insolvency of a person who applies for the benefit of the Act of May 4, 1852, "for the relief of insolvent debtors, and protection of creditors," becomes vested with the title to all the insolvent's property, from and after the surrender, even if it is not mentioned in the schedule, and the assignee does not know of its existence until after the discharge.

EFFECT OF NONSUIT WHERE THERE IS AN INTERVENTION.—If there is an intervenor in an action who claims an interest in the property in dispute, adverse to both the plaintiff and defendant, and the plaintiff answers the intervention, raising material issues, his right to be heard on those issues is not affected by a nonsuit granted on the motion of the defendants.

NONSUIT OF PLAINTIFF DOES NOT DISMISS INTERVENTION.—If there is an intervenor who claims an interest in the matter in dispute, adverse to both plaintiff and defendant, and they answer the intervention raising material issues, and, on motion of the defendant, the Court nonsuits the plaintiff, the action is still pending as to the issues raised on the intervention, and the Court should proceed and try them. The intervention should not be dismissed on the ground that there is no action pending.

MOTION TO DISMISS AN INTERVENTION.—A motion to dismiss an intervention, like a motion for a nonsuit, should point the attention of the Court and of the opposite counsel to the precise ground on which it is made.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The action was commenced in October, 1868. The plaintiff averred in his complaint that, on the 12th day of

May, 1865, he owned a piece of land, being a portion of one hundred vara lot known on the map of San Francisco as "Lot 270," and that, being indebted to A. J. Saulmann, one of the defendants, in the sum of two thousand dollars, with interest, he, on said day, made and delivered to him a deed of the lot, but that the deed was understood and agreed between the parties to be a mortgage to secure the debt. That he paid interest on the debt to March, 1868, when he offered to redeem, but Saulmann refused to permit him to redeem; and that, after the offer, Saulmann conveyed the land to defendant Kennedy, who took the conveyance with full knowledge of the facts, and now claimed to own the land, and refused to allow the plaintiff to redeem. That defendants, Wallace, Stow, and the Fireman's Fund Insurance Company, claimed to have a lien on the land, created by Kennedy, but that it was taken with notice of the facts. The prayer was to be allowed to redeem, and to have the lien of defendants Wallace, Stow and the Insurance Company declared void, as to the plaintiff. Kennedy answered, admitting that the plaintiff owned the land, May 12, 1865, and denying that his deed from Saulmann was a mortgage, or that the plaintiff paid any interest, or was refused the privilege of redemption; and admitting that Saulmann deeded the lot to him, March 25, 1868, for seven thousand six hundred dollars, and denying knowledge or notice that Saulmann's deed was a mortgage. The answer further set up that, May 12, 1865, the plaintiff was insolvent, and made the deed to Saulmann to defraud his creditors; and that, January 20, 1866, the plaintiff commenced proceedings in the County Court of the City and County of San Francisco to be discharged from his debts under the Insolvent Act of this State, and that such proceedings were had, that, March 12, 1866, the plaintiff made an assignment of his property to an assignee, and that the property in controversy, by the assignment, passed to the assignee.

Saulmann answered, denying that his deed was a mortgage, or that the plaintiff offered to redeem, or that he refused to allow him to redeem, and alleging that his conveyance to Kennedy was made with the knowledge and at the

request of the plaintiff, and that Kennedy had no notice that the deed to him was a mortgage. This answer set up the same facts with regard to the plaintiff's insolvency that were contained in Kennedy's answer.

Henry L. Davis applied for leave to intervene in the action. On this application the Judge of the District Court delivered the following opinion:

"Henry L. Davis seeks to intervene in this action, claiming he holds the fee to the land in controversy, the deed to which the plaintiff executed to the defendant Saulmann, he in this action seeks to have declared and adjudged to be a mortgage. The petitioner, Davis, claims to have succeeded to the interest of the plaintiff in the land and premises, by reason of his being defendant's assignee in insolvency. Objection is made to the proposed intervention on the ground that the land and premises are not set forth in plaintiff's schedule in insolvency, it being claimed that an assignment, under our insolvent laws, only transferred to the assignee the assets set forth in the insolvent's schedule. But section thirty-four of the Insolvent Law provides that 'from and after the surrender of the property of the insolvent debtor, all property of such insolvent debtor shall be fully invested in his assignee or assignees, for the benefit of his creditors,' etc.

Section six hundred and fifty-nine of the Practice Act provides that ' any person shall be entitled to intervene who has an interest in the matter in litigation in the success of either of the parties to the action, or an interest against both.' It appears by the proposed verified intervention that Davis has an interest in the matter in litigation, and an interest against both plaintiff and defendants, and is, therefore, entitled to intervene, and his motion made for that purpose is granted.

DWINELLE, Judge."

In his intervention, Davis set up the proceedings in insolvency as averred in Kennedy's answer, and alleged that he was the assignee, and that there were debts mentioned in the schedule to the amount of four thousand dollars un-

paid. The intervention then averred the same facts set forth in the complaint, and, in addition thereto, there was an allegation that the plaintiff, in his schedule in insolvency, did not include the land, nor mention any of the facts contained in the complaint, and that the intervenor did not. acquire knowledge of these facts until January, 1869. The intervention was filed February 12, 1869.

The plaintiff answered the intervention, admitting the allegation about the insolvent proceedings, but alleging that since his discharge in insolvency he had paid a number of his creditors, and only owed then on his debts about two thousand dollars, and those debts were barred by the Statute of Limitations. This answer also stated that his interest in the lot in controversy was not set forth in the schedule in insolvency, because his attorney misunderstood the nature of his interest in the lot, and thought his sale to Saulmann was a conditional one, with an agreement on the part of Saulmann to re-sell to him. There was a prayer that if the Court decreed a conveyance by Kennedy to the intervenor, that it would also decree that after the payment of the debts remaining unpaid, the intervenor be required to account with and pay over to the plaintiff any surplus remaining, and transfer to the plaintiff any property undisposed of.

Kennedy also answered the intervention denying that the plaintiff assigned to the intervenor the land in dispute. Then followed denials similar to those made to the complaint.

The defendant, Saulmann, also answered the intervention, denying that the lot was assigned to the intervenor, and making similar denials to those found in his answer to the complaint. The prayer to the intervention was similar to the prayer of the complaint, except that the intervenor asked for the same relief to be extended to him, that the plaintiff prayed for.

When the case was called for trial before the Court, without a jury, the plaintiff's attorney made the following opening statement:

"The plaintiff commenced this suit to have a conveyance

to defendant Saulmann declared to be a mortgage, and to set aside a conveyance from Saulmann to defendant Kennedy, and a mortgage given by Kennedy to the Fireman's Fund Insurance Company, as given and taken with full notice of plaintiff's title, and that the deed to Saulman was a mortgage.

That defendants answered denying the allegations of the complaint, and setting up as a defense that subsequent to the making of the deed as a mortgage to Saulmann, plaintiff had filed a petition in insolvency in 1866, under the State law, under which such proceedings were had that H. L. Davis had been appointed assignee in insolvency of said plaintiff, and consequently that the cause of action mentioned in the complaint had passed to and vested in the said Davis as assignee.

That said Davis then being informed of these facts, applied to the Court for leave to intervene, which was granted; and a petition of intervention had been filed and served setting up the facts alleged in the complaint as to the alleged mortgage, and also setting up the proceedings in insolvency, his appointment as assignee, and an assignment to him of all the real and personal property of Poehlmann, and asking for himself similar relief to that claimed by the plaintiff.

That the plaintiff answered the petition admitting its allegations, averring payment of part of his debts since his insolvency, and claiming that the value of the property in question in this suit, at the present time, was more than sufficient in amount to pay all his debts remaining unpaid, and asking that the intervenor might be decreed to pay to him any surplus remaining of the proceeds of the property after payment of his debts; and that the defendants, in their answers to the intervention of plaintiff, after repeating their denials contained in their answers to the complaint, set up a denial that the property in question in this suit ever had been assigned to the intervenor.

Counsel further stated the nature of the evidence which would be offered, and by which the allegations of the complaint and intervention would be amply sustained.

That they should prove that the conveyance by plaintiff to Saulmann was a mortgage made to secure money, to be advanced by him to the extent of two thousand dollars, and that by the testimony of Saulmann himself, as he had already testified in another action, interest had been paid from time to time; that plaintiff had offered to redeem, which Saulmann had refused; that Saulmann had then negotiated a sale to Kennedy, but before its completion he had actual positive notice that Saulmann was only a mortgagee, and the property belonged to Poehlman; that Poehlmann, while the property stood in Saulmann's name, had always had possession and control of the property, and had made a lease of part of it, which was of record, and of which Kennedy and the other defendants had notice; and that Poehlmann's tenants were occupying the property and paying him rent all the time from the time of the conveyance to Saulmann, and down to and at the time Saulmann transferred to Kennedy; and that the Fireman's Fund Insurance Company loaned money to Kennedy on mortgage of the property, with full knowledge and notice of Poehlmann's ownership and title, and of all the foregoing facts, and that the property now was worth about fifteen thousand dollars."

Thereupon the defendants, by their counsel, upon said opening statement, moved the Court for a nonsuit against the plaintiff, which motion, after argument, the Court granted.

To this order and decision of the Court granting a nonsuit, the plaintiff and the intervenor, by their respective counsel, excepted.

The intervenor then offered evidence for the purpose of proving the allegations alleged in the intervention, to which proof the several defendants, by their counsel, objected, on the ground that there was now no action pending, and therefore there could not be any intervention, and after argument, the Court excluded such proof, and dismissed the intervention, to which decision the intervenor, by his counsel, and the plaintiff, by his counsel, excepted. The plaintiff and the intervenor appealed.

*Gray & Brandon* and *G. F. & W. H. Sharp*, for the Appellants, argued that in moving for a nonsuit on the opening statement of the plaintiff, the defendants admitted the truth of the statement; and that the statement showed that the defendants fraudulently held the property, and that the intervenor was entitled to all the relief he claimed, and the plaintiff to the surplus after payment of debts; and that, if the plaintiff was not entitled to a judgment, the intervenor was entitled to relief, and should not have been turned out of Court.

*W. H. Patterson*, for Respondent, argued that the plaintiff had no interest in the property, and that as the nonsuit was properly granted, it left only the intervention and answers thereto; and that, as the intervenor did not offer to redeem, the intervention contained no cause of action; and cited *Bucher* v. *Conradt*, 3 Kernan, 108, and *Van Schaick* v. *Winne*, 16 Barb. 89.

By the Court, NILES, J.:

The nonsuit as to the plaintiff, on motion of the defendants, was properly granted. The opening statement of his counsel, taken in connection with the admissions of his verified answer to the intervention, which formed a part of the pleadings in the case, showed that whatever right of property he may have once had in the subject matter of the controversy, had passed to the assignee in solvency, and was vested in him. (Hittell's General Laws, Art. 3,843.) He had, therefore, no cause of action against the defendants, whatever claim he might have had against the intervenor. His right to be heard upon the issues made to the intervention by his answer thereto, was not affected by the nonsuit granted on the motion of defendants.

But we think the Court erred in dismissing the intervention upon the ground that there was no action pending after the nonsuit had been granted. The intervenor was a party to the suit, claiming an interest in the matter in litigation adverse to both plaintiff and defendants. As such party he was entitled to have the issues raised between himself and

each of them tried and determined. This right could not be affected by the dismissal of the plaintiff's action.

It is urged by the respondents that the order of dismissal should not be disturbed, for the reason that the intervention was defective in that it did not offer a redemption or allege the readiness of the intervenor to pay the debt secured.

In reply to this point, it is sufficient to say that this ground was not suggested in the motion made, or in the succeeding order, which went solely upon the ground that after the granting of the nonsuit there was no action pending, and hence there could be no intervention. A motion of this kind, like a motion for a nonsuit, should point the attention of the Court and of the opposite counsel, to the precise grounds upon which it is made. It is very possible that the supposed defect in the pleading, now presented for the first time, might have been obviated in the Court below, if urged there, by a suitable amendment.

For these reasons the judgment must be reversed and the cause remanded for a new trial. So ordered.

Mr. Chief Justice WALLACE did not sit in this case.