[No. 7,266.—Department One.]
November 13, 1882.

## CHARLES W. DAVENPORT *v.* HIS CREDITORS.

CREDITOR NEED NOT NECESSARILY BE A JUDGMENT CREDITOR.—Under the Insolvency Act of May 4, 1852, it was not required that a creditor should be a judgment creditor, in order to give him a status in court to oppose the application of an insolvent for a discharge.

OPPOSITION BY CREDITOR TO DISCHARGE OF INSOLVENT.—The setting aside by the Court in which it was rendered of a judgment recovered by Van W. against D., on the ground that no notice was given to D.'s attorneys, does not prevent Van W. from opposing, as a creditor under the Insolvency Act of May 4, 1852, the application of D., under that Act, for a discharge, when the opposition filed by Van W. and the schedules filed by D. in the insolvency proceedings show that he is a creditor of D.; and it is error for the court, on motion, in the insolvency proceeding, to dismiss the opposition of Van W. on the ground that he has no status in Court on which to make such opposition.

TRIAL BY JURY OF ISSUE OF FRAUD.—Under Section 20 of the Insolvency Act of May 4, 1852, the issue upon the question of fraud on the part of the insolvent should have been tried by a jury.

APPEAL by Isaac S. Van Winkle, an opposing creditor, from an order dismissing his opposition to the discharge of the plaintiff, and also from the order of final discharge of the insolvent.  HALSEY, J.

Proceeding in insolvency.  The judgment against the in-

solvent referred to in the opinion was recovered after the commencement of the insolvency proceedings. The other facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp*, for Appellant.

Issue having been joined upon the question of fraud, it was the duty of the Court to summons a jury to try the issue. The matter could not be tried on affidavits or upon a motion. Independent of his judgment, the appellant was a creditor of insolvent in an amount exceeding forty thousand dollars, and upon his claim alone, not reduced to judgment, he could oppose a discharge. A creditor is not bound to be a judgment creditor. (Ins. Law of 1876, § 20.) The opposition of appellant to respondent's discharge alleges acts of fraud, and appellant was entitled to a trial. (Ins. Law of 1876, § 28.)

*Du Brutz & Dickenson*, for Respondent.

Van Winkle's claim, as a creditor, could be investigated at any time. Before he could oppose discharge, he must prove his claim, that a condition precedent; having no claim proven and not offering to prove any, he was not a creditor, and had no status in the Insolvent Court. (Ins. Law of 1876, § 1020.)

Before invoking the Insolvent Law, he should have submitted himself to it; which fully appears he never did. The motion to dismiss was properly made, and on proper grounds; Van Winkle appeared in response thereto, and made no effort to prove his claim.

Ross, J.:

More care on the part of counsel in regard to references made in briefs would save the Court much time and labor. In this case, the counsel for both sides refer to the Insolvency Act of 1876, as the one under which the proceedings were had, and, by number, to sections not found in that Act at all. The Act of 1876 has nothing to do with the case. The proceedings were had under the Act of May 4, 1852. Davenport filed in one of the late County Courts a petition praying to be adjudged an insolvent. Accompanying the petition was a schedule, in which Van Winkle was named as one of his creditors. Van Winkle's claim against Davenport was

based on some partnership transactions between the parties. Within ten days after the appointment of an assignee of the insolvent's estate, Van Winkle filed in writing his opposition to the discharge of the insolvent, and an application for the revocation of the appointment of the assignee, on the ground of fraud alleged to have been committed by Davenport. In his opposition, Van Winkle charged distinct acts constituting the alleged fraud on the part of Davenport, consisting, among other things, of the alleged fraudulent receipt and appropriation of a considerable portion of opponent's funds; and further charged that in an action between the parties in one of the then District Courts of the State, an account had been stated of the partnership affairs, by which it had been ascertained and found that there was a large indebtedness due from Davenport to opponent, for which judgment was entered. Davenport filed an answer, by which he put in issue the averments of fact contained in the opposition of Van Winkle. The judgment entered against Davenport in favor of Van Winkle was afterwards set aside by the Court in which it was entered, on the ground "that no notice was given" to Davenport's attorney, and subsequently Davenport moved in the insolvency Court to dismiss Van Winkle's application for the revocation of the appointment of the assignee and his opposition to the discharge of the insolvent, on the ground that he, Van Winkle, had "no status in Court on which to make such opposition." That motion was granted, and an order of discharge was subsequently entered.

The idea of the party making the motion, and of the Court in granting it, seems to have been that Van Winkle ceased to be a creditor of Davenport when the judgment entered in the District Court was set aside. But that was not at all so. If the facts stated in Van Winkle's opposition were true, he was a creditor; for in that it was distinctly charged that Davenport was indebted to him in the sum of seventeen thousand two hundred and eighty-one dollars, received by him in a fiduciary capacity. Besides, in the schedule filed by the petitioner himself, Van Winkle is named as one of his creditors. Issues having been raised upon the question of fraud on the part of the insolvent, it became the duty of the

Court, by virtue of Section 20 of the Act of May 4, 1852, to summon a jury for the purpose of deciding on that accusation.

Judgment and order reversed, and cause remanded for further proceedings in accordance with the views here expressed.

McKINSTRY and McKEE, JJ., concurred.