[Civ. No. 63392. Second Dist., Div. Four. June 17, 1982.]

JEAN C. DEUTSCHMANN et al., Plaintiffs, v.
SEARS, ROEBUCK & COMPANY, Defendant and Respondent;
ASSOCIATED INDEMNITY CORPORATION, Intervener and
Appellant.

COUNSEL

Dick R. Runels for Intervener and Appellant.

Brill & Hunt and William M. Gorman for Defendant and Respondent.

OPINION

**WOODS, P. J.**—Plaintiff sued Sears, Roebuck & Company, defendant and respondent, for damages for property damage and personal injury sustained as a result of a fire allegedly caused by a defective television set. The complaint was filed on December 6, 1976. On March 12, 1979, a complaint in intervention was filed by appellant, Associated Indemnity Corporation, wherein it was alleged that appellant had paid to plaintiff the sum of approximately $13,000 for repair of the premises after the fire, and that appellant was subrogated in interest to the plaintiff for that amount. Return on the summons in the intervention action was filed on November 11, 1979.

In January 1980, respondent moved to dismiss both the complaint and the complaint in intervention on the ground that plaintiff had not

filed proof of service of summons in the main action within three years after the date of filing the complaint, as required by Code of Civil Procedure section 581a, subdivision (a). On February 7, 1980, the court granted respondent's motion to dismiss both the complaint and the complaint in intervention. Appellant intervener appeals from the dismissal of its action.

We have concluded that appellant, whose complaint in intervention was filed, served and returned in a timely fashion, was entitled to proceed with its litigation against respondent and that the order of dismissal was erroneously entered as to appellant.

Code of Civil Procedure section 387 provides that any person who has an interest in the subject matter in litigation may intervene therein at any time prior to trial. The purpose of the statute is to protect the interests of persons affected by a judgment, to obviate delay, and to avoid multiplicity of actions. (*People* v. *Superior Court* (*Good*) (1976) 17 Cal.3d 732, 736 [131 Cal.Rptr. 800, 552 P.2d 760].) To avail himself of the right to intervene granted by section 387, a proposed intervener must have an interest in the litigation, either in the success of one of the parties to the action or an interest against both of them. The interest must be direct and not consequential, and must be one which will be determined in the action in which the intervention is sought. (*Jersey Maid Milk Products Co.* v. *Brock* (1939) 13 Cal.2d 661, 663 [91 P.2d 599].)

It is clear under the facts of this case that appellant has a direct pecuniary interest in the outcome of the litigation between plaintiff and respondent. After paying the amount of a loss suffered by an insured by reason of the wrongful act of a tortfeasor, an insurer is subrogated in a corresponding amount to the rights of the insured against that tortfeasor. (*Anheuser-Busch, Inc.* v. *Starley* (1946) 28 Cal.2d 347, 349 [170 P.2d 448, 166 A.L.R. 198].) As such subrogee, he may intervene in a pending action for damages brought by the insured. (*Commercial Standard Ins. Co.* v. *Winfield* (1938) 24 Cal.App.2d 477 [75 P.2d 525].)

Of significance to the decision we reach here, however, is the fact that an insurer under such circumstances is not limited to an action in intervention; he may bring a separate independent action to recover directly from the third party tortfeasor. (*Hausmann* v. *Farmers Ins. Exchange* (1963) 213 Cal.App.2d 611, 613 [29 Cal.Rptr. 75].) Thus,

he has an independent cause of action against the third party for recovery of the amount he was obligated to pay to the insured as a result of the liability of the third party.

██ Nor does his status as an intervener reduce the independence of his claim. "[A]n intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene." (*Hospital Council of Northern Cal.* v. *Superior Court* (1973) 30 Cal.App.3d 331, 336 [106 Cal.Rptr. 247].) It is true that the failure of the plaintiff to recover from a defendant would likewise deprive an intervener of the right to recover, since a decision on the merits would affect the rights of both plaintiff and intervener to collect from defendant. However, an intervener is not limited by every procedural decision made by the plaintiff. For example, an intervener may move to disqualify a judge, even if the plaintiff is content to try the lawsuit in that court. (*Hospital Council of Northern Cal.* v. *Superior Court, supra*, 30 Cal.App.3d at p. 339.) An intervener may object to the jurisdiction of the court or that the pleadings do not state a cause of action. (*Maguire* v. *Cunningham* (1923) 64 Cal.App. 536, 540 [222 P. 838].) And an intervener may not be deprived of his right to jury trial by the plaintiff's waiver thereof. (See *McNeil* v. *Morgan* (1910) 157 Cal. 373, 377 [108 P. 69].)

Nor do we believe that an intervener should be deprived of a trial on the merits of his action by virtue of the plaintiff's failure to pursue his litigation. On two prior occasions, courts have upheld the right of an intervener to pursue his independent litigation, after dismissal of the plaintiff's case, albeit under different facts. We are persuaded that the reasoning of those cases has equal application here.

In *Poehlmann* v. *Kennedy* (1874) 48 Cal. 201, defendant's motion for nonsuit was granted as to the plaintiff, and an action in intervention was likewise dismissed by the trial court, on the ground that there was no action pending after the nonsuit had been granted. The Supreme Court reversed, holding: "The intervenor was a party to the suit, claiming an interest in the matter in litigation adverse to both plaintiff and defendants. As such party he was entitled to have the issues raised between himself and each of them tried and determined. This right could not be effected [*sic*] by the dismissal of the plaintiff's action." (*Id.*, at pp. 207-208.)

Although in *Poehlmann*, the intervener's position was adverse to both plaintiff and defendant, the rule there stated is not limited to those

facts. In *Voyce* v. *Superior Court* (1942) 20 Cal.2d 479 [127 P.2d 536], a will contest was filed alleging the invalidity of a purported will on specified grounds. Thereafter, by petition in intervention another contest was filed, alleging identical grounds. Two days later, the first contestant voluntarily dismissed her contest. The executor's petition to dismiss the "intervening" contest was denied by the trial court. The Supreme Court affirmed, concluding: "Although Taylor could withdraw as a contestant, she could not by a dismissal of her contest deprive the interveners of their right to have the contest heard and determined." (*Id.*, at p. 488.) In *Voyce*, the position of the interveners was identical to that of the first contestant, and yet dismissal of that main action did not deprive interveners of the right to a hearing.

We are likewise convinced that the plaintiff's failure to proceed with his lawsuit does not deprive the intervener of the right to a trial. To hold otherwise could seriously interfere with the purpose of Code of Civil Procedure section 387, authorizing intervention to avoid multiplicity of suits. If negligent or intentional lack of prosecution on the part of a plaintiff could deprive an intervener of his cause of action, interveners would be well advised to bring independent actions to pursue their subrogation rights. The legislative purpose of Code of Civil Procedure section 387, to reduce the burden on our already overcrowded dockets, would be undermined by the ruling which respondent seeks here.

In support of the trial court's decision in the matter before us, respondent cites *Rhode* v. *National Medical Hosp.* (1979) 93 Cal.App.3d 528 [155 Cal.Rptr. 797]. Although certain language in that decision, taken out of context, could support the ruling below, we do not choose to expand the *Rhode* holding so far beyond its facts. In that case, a workers' compensation insurance carrier intervened in an action brought by an injured employee. The original complaint was filed and served in June 1973, against one named and several Doe defendants. The complaint in intervention was filed and served in September 1973, against the same defendants. Shortly prior to trial in 1977, an amended complaint in intervention was filed against another defendant who had previously been substituted for one of the Does in the original complaint. That defendant moved to dismiss the action in intervention on the asserted impropriety of the lapse of over three years between the filing of the original complaint and the service of the amended complaint in intervention, four years later.

The *Rhode* court observed that, although Code of Civil Procedure section 581a, subdivision (a) provides for the mandatory dismissal of an action unless summons is served and returned within three years, service is not required when "the party against whom the action is prosecuted has made a general appearance in the action." (*Rhode v. National Medical Hosp., supra,* 93 Cal.App.3d at p. 537.) The court concluded that the original answer to the plaintiff's complaint was a general appearance, obviating the necessity of dismissal. In support of this conclusion, the court observed: "[T]he vitality of an action in intervention is linked to the vitality of the main action in which the intervention is sought." (*Id.,* at p. 539.) We do not feel that that observation, nor any of the other language in the *Rhode* decision, precludes the result we reach here today. The *Rhode* holding is a narrow one: that for purposes of applying Code of Civil Procedure section 581a, a general appearance in the main action constitutes an appearance in the action in intervention so as to prevent mandatory dismissal.

More pertinent to the facts of this case is the decision in *Floyd Neal & Associates, Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 734 [140 Cal.Rptr. 301]. There an insurer filed a subrogation action against a third party seeking recovery of workers' compensation benefits it had paid as a result of an automobile accident. As in the instant case, return of service of summons was not made in the main action within three years after its filing. After the expiration of the three-year period, the injured worker filed a complaint in intervention in the insurer's action. The defendant's motion to dismiss was granted as to the main action, but denied as to the complaint in intervention. The Court of Appeal reversed, because the three-year period had already run prior to the filing of the complaint in intervention. However, the court observed: "[H]ad the complaint in intervention been validly filed it would have become an independent action with a life of its own ...." (*Id.,* at p. 739.)

That observation, although dictum, was made in connection with the interpretation of the same statutes confronting us in this case. We are persuaded that its reasoning is correct.

Therefore, we conclude that the dismissal of the plaintiff's cause of action for failure to return the summons within three years does not compel nor authorize the dismissal of the complaint in intervention which was validly filed, served and returned.

The judgment of dismissal of the complaint in intervention is reversed.

Amerian, J., and Luros, J.,* concurred.

A petition for a rehearing was denied July 12, 1982, and respondent's petition for a hearing by the Supreme Court was denied August 11, 1982. Mosk, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.