**Robert E. DINE, Plaintiff,**

v.

**UNIROYAL TIRE COMPANY, INC., Defendant,**

**The Hartford Accident & Indemnity Company, Intervenor.**

Civ. A. No. S89–0726(R).

United States District Court,
S.D. Mississippi, S.D.

Jan. 18, 1991.

J. Douglas Johnson, Hattiesburg, Miss., James E. Cazalot, Jr., New Orleans, La., for plaintiff.

A. Camille Henick, Jackson, Miss., for defendant.

Alben N. Hopkins, Lisa P. Dodson, Gulfport, Miss., for intervenor.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on a Motion by the Intervenor, The Hartford Accident & Indemnity Company (hereinafter "Hartford"), to Alter and/or Amend the Order of Dismissal and Judgment entered on December 17, 1990.

### Facts

The subject motion is before this Court on issues of law and not of fact. The following, therefore, is a chronological summary of the significant pleadings and allegations.

On October 6, 1989, the plaintiff, Robert E. Dine, a citizen of Wyoming, filed a complaint against the defendant, Uniroyal Tire Company, Inc. (hereinafter "Uniroyal"), a New Jersey corporation.

Dine's complaint arose out of an injury which he suffered while he was an employee of Deas Tire Company in Picayune, Mississippi. In general the complaint alleges that his injury was due to the negligent production and distribution of a defective tire by Uniroyal.

On January 25, 1990, this Court granted Hartford's Motion to Intervene pursuant to Fed.R.Civ.P. 24(a) and Miss.Code Ann. § 71–3–71 (1972). By its intervening complaint, Hartford alleges that as of December 5, 1989, it had paid Dine a total of $5,743.38 in workers' compensation benefits.

The intervening complaint further states that the aforestated amounts paid, and any additional expenses subsequently incurred by Hartford in relation to this cause, shall be reimbursed "from the net proceeds of

any recovery in this case from the Defendant."

Mr. Dine twice failed to appear for his scheduled deposition and Uniroyal motioned this Court to dismiss Dine's complaint, or in the alternative, to compel the plaintiff's attendance at deposition and for expenses for his failure to attend.

By Order of August 30, 1990, this Court, pursuant to Fed.R.Civ.P. 37, imposed sanctions in the form of costs upon Dine requiring him to pay the reasonable expenses caused by his failure to attend his deposition.

This Court concluded the August 30, 1990 Order stating that the failure of Dine to comply would result in the dismissal of his complaint with prejudice.

Mr. Dine did not comply with the August 30, 1990 Order and on December 1990, this Court dismissed the complaint with prejudice.

## Discussion

The question before this Court is: Does this Court's Order dismissing Robert Dine's complaint necessarily dismiss Hartford's intervening complaint?

Initially, the Court chooses to address Uniroyal's assertion that any claim which the intervenor might have is "below the jurisdictional amount of $50,000.00."

The plaintiff's complaint asserted jurisdiction of this Court pursuant to 28 U.S.C. § 1332, and, in support thereof, alleged diversity of citizenship and $500,000.00 in actual damages. These jurisdictionally sufficient pleadings were never objected to and do not appear to his Court to be patently insufficient.

Hartford's entry into this cause was based upon intervention of right as provided for in Fed.R.Civ.P. 24(a)(2) which permits intervention:

when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The interest claimed by Hartford is of course that which is codified in Miss.Code Ann. § 71–3–71 (1972), which, in pertinent part, states:

An employer or compensation insurer who shall have paid compensation benefits under this chapter for the injury or death of the employee shall have the right to maintain an action at law against any other party responsible for such injury or death, in the name of such injured employee or his beneficiaries, or in the name of such employer or insurer, or any or all of them. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, all claims of such compensation beneficiary shall be determined in such action, as well as the claim of the employer or insurer. If recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer shall have paid or are liable for in compensation or other benefits, after deducting the reasonable costs of collection.

This Court observes, as stated in *Peerless Dental Supply Co. v. Weber Dental Manufacturing Company*, 299 F.Supp. 331 (E.D.Pa.1969), that:

Federal courts have jurisdiction to decide non-federal claims in two instances: (1) when the parties and the subject matter of the litigation fulfill the requirements for diversity jurisdiction, See, Title 28 U.S.C. § 1332, and (2) when the court acts under the concept of 'ancillary' jurisdiction.

*Id.* at 335, and by way of further explanation the *Peerless* court set out:

Ancillary jurisdiction is a general concept holding that a district court 'acquires jurisdiction over a case or controversy as an entirety, and hence may, as an incident to disposition of a matter properly before it, possess jurisdiction to decide other matters raised by the case of which it could

not take cognizance were they independently presented.' 1 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) § 23.

*Id.* at 335 n. 3.

This question now narrows to whether the Court retains jurisdiction of ancillary third-party actions after the original claim has been dismissed. Regarding this question, this Court relies upon the language of *Kipka v. Chicago & Northwestern Railway Company,* 289 F.Supp. 750 (D.Minn. 1968). Notwithstanding that the *Kipka* court was being called upon to carry the question to an additional degree, the reasoning and authority of that court, applicable to the issue before this Court, was:

> The court's jurisdiction attaches when the complaint is filed and subsequent proceedings ordinarily will not divest the court of jurisdiction once attached. *Stewart v. Shanahan,* 277 F.2d 233, 236 (8th Cir.1960). As set forth in the pleadings, the requisite diversity of citizenship and jurisdictional amount were present in the main action. It is well settled that third-party claims, and thus logically fourth-party claims, which are ancillary to the main action, need no independent jurisdictional grounds. *See, Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583, 585 (2nd Cir.1965); *Waylander–Peterson Co. v. Great Northern Ry.,* 201 F.2d 408, 415, 37 A.L.R.2d 1399 (8th Cir. 1953). Further, jurisdiction over a third-party action, or in this case a fourth-party action, is not lost when the main action is settled. *See, Dery v. Wyer,* 265 F.2d 804, 808 (2nd Cir.1959).

*Id.* at 752.

It is, therefore, this Court's opinion that Uniroyal's bare assertion that Hartford's claim is less than that required under 28 U.S.C. § 1332 is legally irrelevant.

The Court turns next to Uniroyal's unsubstantiated assertion that the subrogated claims asserted by the intervenor have no independent basis apart from Dine's claims against Uniroyal and that they were likewise dismissed with the dismissal of Dine's claims.

Regrettably, neither party cites this Court to any authority which is helpful on this issue. The defendant states its assertion as though it is self-evidence and the intervenor relies upon the "express language" of Miss.Code Ann. § 71–3–71 (1972).

Having researched the question on its own and finding no significant guidance in Mississippi case law, this Court is assisted by *State Compensation Insurance Fund v. Selma Trailer Company,* 210 Cal. App.3d 740, 258 Cal.Rptr. 545 (1989). The California Court of Appeals in *Selma Trailer* was, *inter alia,* called upon to decide the propriety of dismissal of a complaint-in-intervention. The decision in *Selma Trailer* to affirm the lower court's dismissal was based upon a failure to prosecute; however, the court, quoting at length from *County of San Diego v. Sanfax Corp.,* 19 Cal.3d 862, 140 Cal.Rptr. 638, 568 P.2d 363 (1977), set out:

> The California workers compensation scheme not only fixes the right of an employee who suffers a job-related injury to recover compensation from his or her employer or fellow employees (see Lab. Code, §§ 3600, 3601) but also significantly defines the rights of action of both an employee and an employer in the event that a third party is responsible for the employee's injury. These statutory provisions are 'primarily procedural.' (*Roe v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 889 [117 Cal.Rptr. 683, 528 P.2d 771].) They seek to insure, first, that, regardless of whether it is the employee or the employer who sues the third party, both the employee and the employer recover their due, and, second, that, as far as possible, the third party need defend only one lawsuit.
>
> To these ends, the workers compensation statutes set up procedures which guarantee an employee and an employer notice of each other's action, authorize the employee and the employer to intervene in each other's lawsuit, provide for mandatory consolidation of separate employee and employer actions, and grant the employee and the employer the right to share in each other's judgment or set-

tlement. The procedures governing notice, intervention, and mandatory consolidation are relatively straightforward....

....

'... Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit.' (*County of San Diego v. Sanfax Corp., supra*, 19 Cal.3d at pp. 872, 874, 140 Cal.Rptr. 638, 568 P.2d 363, italics added.)

*Id.* 258 Cal.Rptr. at 552.

This Court is even more impressed by the rationale expressed in *Deutschmann v. Sears, Roebuck & Co.*, 132 Cal.App.3d 912, 183 Cal.Rptr. 573 (1982). The court in *Deutschmann* was confronted with an intervenor whose plaintiff had not filed proof of service of summons for three years after filing the original complaint.

In reversing the lower court's dismissal of the complaint in intervention, which was not so procedurally flawed, the Court of Appeals focused on the purpose of California's intervention statute and in this regard stated:

> We are likewise convinced that the plaintiff's failure to proceed with his lawsuit does not deprive the intervener of the right to a trial. To hold otherwise could seriously interfere with the purpose of Code of Civil Procedure section 387, authorizing intervention to avoid multiplicity of suits. If negligent or intentional lack of prosecution on the part of a plaintiff could deprive an intervener of his cause of action, interveners would be well advised to bring independent actions to pursue their subrogation rights. The legislative purpose of Code of Civil Procedure section 387, to reduce the burden on our already overcrowded dockets, would be undermined by the ruling which respondent seeks here.

*Id.* at 916, 183 Cal.Rptr. 573.

The language of several California cases which this Court has analyzed on this issue persuades this Court that the similarities between the cited sections of pertinent California statutory law and Miss.Code Ann. Section 71–3–71 (1972), combined with Fed.

R.Civ.P. 24(a)(2) compel this Court to be guided by the case law cited.

It is, therefore, this Court's holding that Hartford's intervening claim in the cause *sub judice* should not be dismissed due to the failure of the plaintiff, Robert E. Dine, to properly and responsibly pursue his claim against Uniroyal.

The final matter which this Court addresses in this matter, in the interest of clarity and in hopes of avoiding unnecessary delay in the prosecution of the intervenor's claims, is the issue of the limits of Uniroyal's liability, if any.

The Court's concern in this issue is in part the product of a statement in Hartford's reply (letter) memorandum of January 3, 1991. The intervenor's counsel in arguing against the defendant's assertion that the Hartford's claim was jurisdictionally insufficient stated:

> These statutory actions may be maintained by the Insurer, the Hartford Accident & Indemnity Company, for all claims and if recovery shall be had against the Defendant herein, the compensation beneficiary, Robert E. Dine, is entitled to any amount recovered over and above the amount the employer and insurer shall have paid.

Surely the intervenor does not wish to imply that the plaintiff, having been so dilatory and irresponsible in the prosecution of his lawsuit as to merit and achieve a dismissal with prejudice by Order of this Court, may potentially gain by the back door what he could not through the front door.

It should be evident that as the intervenor's recovery, if any, is under Miss. Code. Ann. Section 71–3–71 (1972), limited to those amounts paid and payable to the claimant, along with reasonable costs incurred in recovering said benefits.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion of The Hartford Accident & Indemnity Company to Alter and/or Amend this Court's Order of

December 17, 1990, is granted subject to the terms of this Memorandum Order.

SO ORDERED AND ADJUDGED.