[No. B050104. Second Dist., Div. Six. Apr. 10, 1991.]

KATHLEEN GRIFFIN et al., Plaintiffs and Appellants, v. DAVID FRANK CALISTRO, a Minor, etc., et al., Defendants and Respondents.

**COUNSEL**

John L. Moriarity for Plaintiffs and Appellants.

John C. Lauritsen for Defendants and Respondents.

OPINION

**GILBERT, J.**—Plaintiffs Kathleen and August Griffin appeal an order enforcing a judicial settlement. We reverse and hold Insurance Code section 11583[1] does not permit defendants to deduct from settlement proceeds an advance payment made to plaintiffs' insurer-subrogee.

## FACTS

On April 13, 1987, defendant David Frank Calistro collided with an automobile driven by plaintiff Kathleen Ann Griffin. Griffin suffered personal injuries from the accident and her automobile was significantly damaged. Her insurer paid her $2,713 for damages to her automobile and thereafter filed a subrogation claim with Calistro's liability insurer. On July 15, 1987, Calistro's insurer sent Griffin's insurer a check for $2,563 as payment of the subrogation claim. (The $150 difference between $2,713 and $2,563 represents the salvage value of the automobile.)

Six months later Griffin and her husband brought this negligence action against Calistro and his mother, the owner of the automobile Calistro was driving. The Griffins requested damages for personal injuries and property damage.

Thereafter, pursuant to Code of Civil Procedure section 998, the Calistros proposed settlement for $14,500. The Griffins accepted. The Calistros' insurer then presented the Griffins with a check for $11,937, explaining it had subtracted the $2,563 subrogation payment from the proposed $14,500 settlement. When the Griffins demanded full payment, the Calistros moved for an order enforcing settlement for $11,937, relying upon section 11583. The trial court granted this order. The Griffins appeal and challenge the deduction of $2,563 paid to satisfy the subrogation claim of their insurer.

## DISCUSSION

Section 11583 provides: "No advance payment or partial payment of damages made by any person, or made by his insurer under liability insurance . . . as an accommodation to an injured person or on his behalf to others . . . shall be construed as an admission of liability . . . . Any such payments shall, however, constitute a credit and be deductible from any final settlement made . . . which does not expressly take into account such advance payments . . . ." To be deductible from settlement proceeds under section 11583, an advance or partial payment must be made as "an accommodation to an injured person or on his behalf to others."

---

[1] All statutory references are to the California Insurance Code unless otherwise stated.

■ The Griffins contend section 11583 does not allow a deduction to satisfy this subrogation claim because payment was not made "as an accommodation" or "on [their] behalf." Instead, it was made on their insurer's behalf. They point out their insurer, after payment of their claim for property damage, was entitled to sue the Calistros in an independent action. (*Deutschmann v. Sears, Roebuck & Co.* (1982) 132 Cal.App.3d 912, 915 [183 Cal.Rptr. 573].) They add that an insurer-subrogee's cause of action is not barred when a tortfeasor settles with an insured with knowledge that the insured has received indemnification from the insurer-subrogee. (*Conservatorship of Edwards* (1988) 198 Cal.App.3d 1176, 1184 [244 Cal.Rptr. 330].) We decide the Griffins are correct.

■ As a general principle, an insurer paying a loss is subrogated to the insured's right of action against any person responsible for the loss. (*Rossmoor Sanitation, Inc.* v. *Pylon, Inc.* (1975) 13 Cal.3d 622, 633-634 [119 Cal.Rptr. 449, 532 P.2d 97]; *Deutschmann v. Sears, Roebuck & Co., supra,* 132 Cal.App.3d 912, 915.) The right to subrogation arises independently of any contractual provision permitting the insurer to recover damages from a tortfeasor. (*Offer* v. *Superior Court* (1924) 194 Cal. 114, 118 [228 P. 11].) Upon paying a loss, an insurer may intervene in any pending action by the insured or it may bring a separate, independent action to recover from the party responsible for the loss. (*Deutschmann v. Sears, Roebuck & Co., supra,* 132 Cal.App.3d 912, 915.)

The general rule of subrogation provides that an insurer stands in the shoes of its insured; if an action by the insured is barred, so is the action of the insurer. (*Conservatorship of Edwards, supra,* 198 Cal.App.3d 1176, 1184.) An exception to the rule exists in California, however, where the tortfeasor settles with the insured with knowledge that the insured has been indemnified by an insurer. (*Ibid.*; 16 Couch on Insurance (2d ed. 1983) § 61.201, p. 262.) Under those circumstances, the cause of action of the insurer persists. (*Conservatorship of Edwards, supra,* 198 Cal.App.3d 1176, 1184.)

■ Here the payment to the Griffins' insurer by the Calistros' insurer was neither an accommodation to the Griffins nor a payment on their behalf. Upon the Griffins' insurer's payment of property damage to the Griffins, that insurer possessed a cause of action against the Calistros under general rules of subrogation. Had the Calistros' insurer not reimbursed the Griffins' insurer six months prior to the Griffins' lawsuit, the Griffins' insurer would have retained a cause of action against the Calistros because the Calistros knew of the insurer's subrogation claim when they settled with the Griffins. (*Conservatorship of Edwards, supra,* 198 Cal.App.3d 1176, 1184.)

The Calistros reply the Griffins' insurer was entitled to a constructive trust or equitable lien upon the settlement proceeds as reimbursement for the $2,563 property damage claim. They rely upon *Haskel Engineering & Supply Co.* v. *Hartford Acc. & Indem. Co.* (1978) 78 Cal.App.3d 371, 376 [144 Cal.Rptr. 189].) *Haskel* does not support their argument. *Haskel* decided that a subrogee may succeed to the remedy of constructive trust possessed by the insured against an embezzler. The Calistros fail to cite authorities to support their contention that the Griffins' insurer was entitled to an equitable lien or constructive trust upon the $14,500 settlement proceeds to the extent of the $2,563 property damage claim.

The portion of the Griffins' insurance policy contained in the appellate record does not assist the Calistros either. Paragraph 22 of that policy requires the Griffins to reimburse their insurer for payments received under other insurance policies for medical and disability benefits. That paragraph does not require reimbursement for payments received for property damage claims. Thus, the Griffins were not contractually obligated to reimburse their insurer from the settlement proceeds under paragraph 22.

It is true the insurance policy provides in paragraph 19 that the Griffins shall "do nothing after loss to prejudice [the insurer's subrogation] rights." Because the Griffins' insurer notified the Calistros within three months of the accident that it had paid the Griffins' property damage claim, the insurer retained its subrogation rights despite the Calistros' later settlement with the Griffins. (*Conservatorship of Edwards, supra,* 198 Cal.App.3d 1176, 1184.) Therefore, the Griffins' act of settling could not prejudice the insurer and no cause of action against the Griffins could arise.

Accordingly, the judgment is reversed. The Calistros shall bear the costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.