[Civ. No. 28504.    Second Dist., Div. Two.    Mar. 21, 1966.]

LOUIS SPRAJC, Plaintiff and Appellant, v. SCANDINA-VIAN AIRLINES SYSTEM, INC., Defendant and Respondent.

Boccardo, Blum, Lull, Niland, Teerlink & Bell and Edward J. Niland for Plaintiff and Appellant.

Vincent Fish, Richard T. Drukker and Chase, Rotchford, Downen & Drukker for Defendant and Respondent.

ROTH, P. J.—Appellant seeks relief from a judgment dismissing appellant's complaint entered pursuant to a motion by defendant Scandinavian Airlines System (respondent herein) under the provisions of Code of Civil Procedure, section 583.

Appellant claimed damages suffered as a consequence of an alleged negligent blow to his head with a flashlight or "other object" by an employee of respondent during a flight on or about July 29, 1960, from Los Angeles to Copenhagen.

Appellant preliminarily attempted to personally adjust his claim. When he obtained no satisfaction from respondent, he employed an attorney in San Jose, California. A complaint was filed on July 24, 1961. Service was not made until August 13, 1963, two years and 20 days after the complaint was filed.

On August 18, 1963, three days after service, respondent filed an answer denying generally and specifically all allegations of the complaint. On January 30, 1964, pursuant to respondent's motion therefor, the action was dismissed under section 583 of the Code of Civil Procedure.

Affidavits in opposition to the motion explained that the attorney after filing the complaint, reviewed the entire file and determined that: further settlement negotiations should be undertaken before service of the complaint; the attorney ordered his secretary to calendar the case in accordance with the usual practices of the law firm for which he worked; because of the press of other business, no settlement negotiations were conducted at the time, and because of improper filing by the secretary, the case was not brought to his attention until July of 1963, some two years later, at which time he promptly took steps to cause the service of the complaint.

The affidavit of respondent's attorney, in reply, makes it clear that prior to August 13, 1963, no contact whatsoever was made with respondent after appellant informed respondent that he was going to turn the matter over to his attorney, in January of 1961.

Code of Civil Procedure, section 583 provides in pertinent part: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial . . . ."

█ The discretion of the trial court under said section is broad, and will be disturbed only upon a showing of manifest abuse. (*Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 269 [331 P.2d 705]; *Hillsdale Builders Supply Co.* v. *Eichler*, 109 Cal. App.2d 117, 118 [240 P.2d 343].)

■ There is no indication that negotiations were commenced; or that time was required to estimate probable medical expenses or the extent of the alleged injuries before attempts were made to consummate a settlement or bring the action to trial. The admission that the case was never brought to the attention of the attorney during the two-year period involved is strong evidence to the contrary. Respondent's declaration substantiates appellant's inactivity. The burden of showing excusable delay to avoid the consequences of section 583 is on the party opposing the motion to dismiss. (*Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 273 [331 P.2d 705].) Appellant does not sustain that burden.

Appellant insists that mere inadvertence, although continuing for the two-year statutory period, will not justify dismissal unless respondent is prejudiced by the delay. He points to the fact that: respondent did not know that the complaint had been filed until service of process was effected; under the applicable statute of limitations the complaint need not have been filed until July of 1962,[1] one year after it was actually filed; had the complaint been filed in July of 1962 the present motion to dismiss could not have been made; and that respondent had ample time to investigate the accident and preserve the evidence. He argues that filing the complaint a year before the statute could run out was a fortuitous advantage to respondent, rather than a disadvantage caused by any delay in service of process.

Fortuitous though the filing of the complaint may have been in the case at bench, the date of filing the complaint is the one chosen by the Legislature to commence the running of the two-year period. We cannot ignore the clear directions of the statute.

■ The legislative policy underlying section 583 is not grounded solely in prejudice caused by delay to a defendant. Its purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence. The discretion of a trial judge " 'is one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.' " (*Bonelli* v. *Chandler, supra,* at pp. 269-270; *Atkin-*

---

[1]Apparently all parties agree that the case is governed by the provisions of the Warsaw Convention, 49 U.S. Statutes, part 2, p. 300 et seq., which contains a two-year statute of limitations.

*son* v. *County of Los Angeles,* 180 Cal.App.2d 467, 473 [4 Cal.Rptr. 423]; *Martin* v. *Gibson,* 48 Cal.App.2d 449, 451 [119 P.2d 1012].)

A trial court will, of course, consider all circumstances in connection with the exercise of a discretion in the disposition of motions made under this section (*Ordway* v. *Arata,* 150 Cal.App.2d 71, 76 [309 P.2d 919]), including the degree of prejudice, if any, caused a defendant. (*Holden* v. *California Employment Stabilization Com.,* 101 Cal.App.2d 427, 438 [225 P.2d 634].) In the case at bench the record shows complete lack of interest or any kind of action for an extended period of time.

Appellant urges too that there is an inequity in section 583 when compared to section 581a of the Code of Civil Procedure. The latter section provides in part: ". . . [A]ll actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, . . . unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action, . . . But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years. . . ."

Appellant argues first that since 581a allows a plaintiff three years in which to serve process, a delay for only two years, without more, cannot justify dismissal under 583.

Section 581a requires mandatory dismissal if, after three years from the commencement of the action, the plaintiff fails to serve his opponent with summons; section 583 allows dismissal, in the discretion of the trial court, if the plaintiff has been unreasonably dilatory in failing to bring the cause to trial within two years. The cases clearly state that section 581a does not control the discretion of the court under section 583 (see *Jackson* v. *De Benedetti,* 39 Cal.App.2d 574, 579 [103 P.2d 990]; *Bonelli* v. *Chandler, supra,* at pp. 276-278.)

Appellant's second argument is that section 581a is, by its own terms, unavailable to any defendant who makes a general appearance within the three-year period. Since respondent, appellant argues, could have invoked the mandatory rule under section 581a prior to his general appearance, that appearance constituted a waiver of his right to obtain a dis-

missal not only under section 581a but under section 583. This argument is not supported by the record. ■ The summons in this case was issued on the date the complaint was filed, and served well within the three-year limit. Respondent could not at any time have moved for a mandatory dismissal under section 581a. He therefore could not waive its provisions. Neither did respondent waive his right to move for dismissal under section 583 by answering the complaint promptly upon service of process. (*Netzley* v. *Hillstrom,* 122 Cal.App.2d 417, 421 [265 P.2d 57].)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 18, 1966.