[Civ. No. 34309.    Second Dist., Div. One.    Apr. 17, 1969.]

PAUL W. SPEER, INC., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JACK T. JEFFREY, Real Party in Interest.

Cummins, White & Breidenbach and Howard D. Swainston for Petitioner.

No appearance for Respondent.

Sproul & Plotkin and Gene Carlton Sproul for Real Party in Interest.

FEINERMAN, J. pro tem.*—Petitioner seeks a writ of mandate to compel the Superior Court for Los Angeles County to dismiss an action now pending in that court.

The issue presented is whether the trial court abused its discretion in denying a motion to dismiss made by petitioner pursuant to the discretionary provisions of section 583 of the Code of Civil Procedure. On the facts of this case we conclude that the trial court did abuse its discretion and that the peremptory writ of mandate should issue.

A review of the record before the respondent superior court reflects the following chronology of events:

1. On November 16, 1965, Jack T. Jeffrey filed a complaint to recover damages for personal injuries allegedly suffered by him on November 17, 1964, when he fell 15 feet from an aluminum ladder to a cement floor. At the time of the accident, plaintiff Jeffrey was employed by the Dixon Crane Service and was engaged in the course of his employment at a construction site. The complaint named the petitioner, Paul W. Speer, Inc., as a defendant together with Cosmodyne Corp., H & M Construction Co., George Hayes Construction, Andrew Meier, Jr., and Doe I through Doe XX, inclusive. The complaint alleged that the defendants, and each of them, ". . . carelessly, recklessly and negligently owned, controlled, erected, maintained, constructed, supplied and provided an aluminum ladder for the use of its employees and the employees of Dixon Crane Service, plaintiff's employer, which ladder was in a dangerous, defective, unsafe and improper

*Assigned by the Chairman of the Judicial Council.

condition.'' The complaint further alleged that the conduct of said defendants, and each of them, was the proximate cause of plaintiff's injuries.

2. On March 1, 1966, an answer was filed by defendants Andrew Meier, Jr., Hayes-Vannatta Construction Co., and Hayes Construction Co., Inc.

3. On March 8, 1966, defendants Andrew Meier, Jr., and Hayes-Vannatta Construction Co. propounded written interrogatories to the plaintiff. These interrogatories were answered by plaintiff on September 7, 1966.

4. On December 28, 1966, defendant Hayes-Vannatta Construction Co. filed a notice of taking deposition of plaintiff, Jack T. Jeffrey, on February 21, 1967.

5. On March 30, 1967, the answer of defendant Cosmodyne Corp. was filed.

6. On April 18, 1967, defendant Hayes-Vannatta Construction Co. filed a notice of taking deposition of plaintiff, Jack T. Jeffrey, on June 13, 1967.

7. On September 6, 1967, defendant Hayes-Vannatta Construction Co. filed a notice of taking deposition of plaintiff, Jack T. Jeffrey, on October 17, 1967.

8. On October 3, 1967, defendant Cosmodyne Corp. filed a demand for a jury trial.

9. On February 2, 1968, a complaint in intervention was filed by Pacific Employers Insurance Company, the workmen's compensation carrier for Dixon Crane Service, plaintiff's employer, under a policy of workmen's compensation insurance. The intervenor seeks to recover the sum of $8,988.10 against defendants, and each of them, as reimbursement for benefits paid to the plaintiff Jack T. Jeffrey for temporary and permanent disability and for medical care and services. The complaint was filed pursuant to Labor Code section 3853.

10. On April 3, 1968, an answer to the complaint in intervention was filed by defendants Andrew Meier, Jr., and Hayes-Vannatta Construction Co. On April 11, 1968, defendant Cosmodyne Corp. filed an answer to the complaint in intervention.

11. On May 17, 1968, defendant Hayes-Vannatta Construction Co. filed a notice of motion for leave to file a cross-complaint against Dixon Crane Service together with a proposed cross-complaint. This matter was ordered off calendar because of the nonappearance of the parties on June 13, 1968.

12. On May 17, 1968, Hayes-Vannatta Construction Co.

filed a notice of taking deposition of Audland Moore on June 7, 1968.

13. Petitioner, Paul W. Speer, Inc., was served with summons and complaint on September 20, 1968, a date two years, ten months, and four days after the complaint was filed.

14. On October 17, 1968, petitioner, Paul W. Speer, Inc., filed a motion to dismiss under Code of Civil Procedure section 583 and concurrently filed a demurrer to the complaint.

15. The motion to dismiss came on for hearing on November 17, 1968, and was denied by respondent court. The demurrer was overruled and the petitioner was given 30 days to answer the complaint.

Section 583 of the Code of Civil Procedure provides in pertinent part: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring said action to trial. . . ."

■ "After the expiration of two years from the filing of a complaint, if the action has not been brought to trial the court has the power and the duty to dismiss the same against plaintiff upon defendant's motion unless plaintiff can make a showing of excusable delay; the burden of making such a showing is on plaintiff." (*Breckenridge* v. *Mason,* 256 Cal. App.2d 121, 127 [64 Cal.Rptr. 201]; *Membrila* v. *Vonett Sales Co.,* 250 Cal.App.2d 299 [58 Cal.Rptr. 544]; *Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 273 [331 P.2d 705]; *Sprajc* v. *Scandinavian Airlines System, Inc.,* 240 Cal.App.2d 935, 938 [50 Cal.Rptr. 181].) The defendant is not required to show either that he has a meritorious defense or that he was injured by the delay. (*Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App. 2d 725, 730 [107 P.2d 494]; 2 Witkin, Cal. Procedure (1954) 1675.)

■■ A determination of whether plaintiff has been diligent in the prosecution of the action and has met the burden of presenting sufficient evidence showing excusable delay is in the trial court's discretion, both as an inherent power and under Code of Civil Procedure section 583 (*Wisler* v. *California State Board of Accountancy,* 136 Cal.App.2d 79, 81 [288 P.2d 322]), and it is only when there is an *entire absence of any showing constituting good cause* presented in the trial court that a writ of mandate to compel dismissal may properly issue. (Italics added.) (*Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61, 68 [168 P.2d 665]; *Kaiser*

*Foundation Hospitals* v. *Superior Court,* 185 Cal.App.2d 177, 179 [8 Cal.Rptr. 181].) ▮ Nevertheless, in exercising its discretion, which is very broad, the trial court does not have absolute and unlimited power. The term "judicial discretion" was defined in the early Supreme Court decision of *Bailey* v. *Taaffe,* 29 Cal. 423, 424, as follows: "The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice." (See also *Martin* v. *Alcoholic Beverage etc. Appeals Board,* 55 Cal.2d 867, 875 [13 Cal.Rptr. 513, 362 P.2d 337], and *Harris* v. *Alcoholic Beverage etc. Appeals Board,* 62 Cal.2d 589, 594 [43 Cal.Rptr. 633, 400 P.2d 745], wherein the definition of "judicial discretion" set forth in the *Bailey* case is quoted and reaffirmed.)

▮ In the exercising of its discretion under section 583, ". . . the trial court must keep in mind the duty of the plaintiff to use due diligence at all times to bring his action to a final determination . . ." (*Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501 [71 Cal.Rptr. 344].) If the plaintiff does not meet his burden of showing good cause for the delay, it is an abuse of discretion for the trial judge to refuse to grant the motion to dismiss.

▮ In this matter the accident took place on November 17, 1964, and the complaint was filed on November 16, 1965. The complaint alleges that the petitioner was a licensed general contractor and was in charge and control of the construction of a certain building during the construction of which it is alleged that plaintiff was injured. It is further alleged in the complaint that petitioner was a duly organized California corporation which at all times had its principal place of business in Los Angeles County. Additional allegations by the plaintiff state that the petitioner violated Labor Code sections 6500, 6312 and 6506, and California Administrative Code, title 8, section 1675. Yet, despite these allegations in a complaint signed by plaintiff's attorney, in his declarations in opposition to the motion to dismiss, counsel sets forth as his excuse for failing to serve the defendant more promptly the fact that he was unaware that Paul W. Speer, Inc., was the general contractor on the job site and did not become aware of that fact until September 17, 1968, when he was involved in

settlement negotiations with the insurance carrier for codefendant Hayes-Vannatta Construction Co.

The file[1] reflects no discovery efforts by the plaintiff to verify the allegations of the complaint during the period between November 16, 1965 and September 17, 1968. Neither in the written declarations filed by the plaintiff, nor in the reporter's transcript of the proceedings in the trial court, is there any explanation given for the lack of a prompt investigation of the status of the petitioner. In fact, in response to a question from the trial judge, counsel for plaintiff candidly admitted that he did[2] "nothing specifically" to investigate. Plaintiff relies solely upon the fact that it "appeared that Hayes-Vannatta Construction Co. was the general contractor and was primarily responsible for the injury to the plaintiff," and that on June 7, 1968, the plaintiff's understanding was reinforced by a statement made by the attorney for Hayes-Vannatta Construction Co., at the time of the Audland Moore deposition, that his client was the general contractor on the job site. Significantly, the date of this deposition was two years and six months after the filing of the complaint.

When the defendant has made a prima facie showing of unreasonable delay in serving summons and complaint, it is the plaintiff's duty to show circumstances excusing his tardiness, for the law will presume injury from unreasonable delay. (*Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 164 [104 P. 481].) In *Black Bros. Co.* v. *Superior Court, supra,* the facts were very similar to the instant case. The complaint was filed on January 22, 1965, and service was not made on the defendant until January 9, 1968. That court decided that the trial court ". . . abused its discretion in denying defendant's motion to dismiss." In *Anderson* v. *Nawa,* 25 Cal.App. 151, 154 [143 P. 55], the court held that: ". . . the unexplained and inexcusable failure to serve the summons within two years and ten months . . . *prima facie* constituted good and sufficient grounds of dismissal." (See also *Sprajc* v. *Scandinavian Airlines System, Inc., supra,* affirming a dismissal under section 583 where the complaint was filed on July 24,

---

[1]Pursuant to Evidence Code section 459, this court takes judicial notice of the file in superior court case number SW C 7694.

[2]The reporter's transcript of the proceedings held on November 27, 1968 contains the following on page 13, lines 10-14: "THE COURT: Well, you still haven't answered my question specifically, what you did from November 1965 to June 1968 to determine who the general contractor was. MR. SPROUL: What I did from that date; let me see. I would have to say nothing specifically."

1961, and service was not made on the defendant until August 13, 1963.

On the record before us we find there is an absence of any showing constituting good cause. Since the plaintiff in this case has not met his burden of showing "excusable delay," the trial court had a duty to dismiss the action upon the motion of petitioner. The failure to do so was an abuse of discretion.

Let the peremptory writ of mandate issue as prayed.

Fourt, Acting P. J., and Thompson, J., concurred.

A petition for a rehearing was denied May 13, 1969, and the petition of the real party in interest for a hearing by the Supreme Court was denied June 11, 1969. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.