[Civ. No. 33910. Second Dist., Div. One. Sept. 10, 1969.]

BURRELL P. PRICE, Plaintiff and Appellant, v. JESSIE GRAYSON, Defendant and Respondent.

Clarence E. Blair for Plaintiff and Appellant.

Clausen, Gilliland & Fernandes and Charles E. Finney for Defendant and Respondent.

LILLIE, J.—On January 24, 1964, plaintiff filed an action for personal injuries arising out of an automobile-bicycle collision; defendant failed to answer and default was entered February 6, 1964. Thereafter defendant retained an attorney and on February 14, 1964, counsel for both parties stipulated that the default be vacated and set aside and defendant be permitted to file her answer. The first pretrial conference set for January 14, 1965, was taken off calendar for failure of plaintiff to file Certificate of Readiness; the second, for December 3, 1965, was also taken off calendar, because plaintiff's counsel advised the court he could not find his file pertaining to the action; the third, set for June 6, 1966, resulted in a joint statement of issues, contentions and itemization of damages, and trial was set for August 23, 1966.

On August 23, 1966, plaintiff moved for a continuance because his counsel was engaged in trial; his motion was denied but the cause was ordered off calendar and the memorandum to set was vacated. The minute order of August 23, 1966, provided that ''Counsel may restore the case to the calendar and secure a trial date by presenting a new Memorandum to Set and Certificate of Readiness to Room 216 within 30 days after 11-25-66.'' Plaintiff did not file a new Memorandum to Set and Certificate of Readiness within 30 days following November 25, 1966; he did not file it until April 24, 1967 (five months later). Thereafter no further action was taken by plaintiff. Almost a year later, April 1, 1968, defendant moved to dismiss for lack of prosecution; then on April 11, 1968, plaintiff filed Notice of Motion to Restore to Calendar and Declaration in Support Thereof. Plaintiff's motion to restore the cause to the trial calendar was granted on April 19, 1968, without prejudice to any motion under section 583, Code of Civil Procedure, and trial was set for September 20, 1968. On April 22, 1968, defendant's motion to dismiss under section 583, Code of Civil Procedure, was granted. Plaintiff appeals from the order of dismissal.

■■■■ Appellant contends that the dismissal of the action was an abuse of the trial court's discretion in that under the circumstances the litigation should be disposed of upon substantial rather than technical grounds, and the court in previously granting his motion to restore the cause to the trial calendar must have recognized there was neither prejudice to defendant nor undue delay in bringing the matter to trial. He

argues that the delay was excusable because of the pressure of other legal matters.

 Section 583, Code of Civil Procedure, provides that "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . ." The discretion of the trial court under the foregoing section is broad and the court's exercise thereof will be disturbed only upon appellant's showing of manifest abuse. (*Weeks* v. *Roberts*, 68 Cal.2d 802, 806 [69 Cal.Rptr. 305, 442 P.2d 361]; *Sprajc* v. *Scandinavian Airlines System, Inc.*, 240 Cal.App.2d 935, 937 [50 Cal.Rptr. 181]; *Bonelli* v. *Chandler*, 165 Cal. App.2d 267, 269 [331 P.2d 705]; *Hillsdale Builders Supply Co.* v. *Eichler*, 109 Cal.App.2d 117, 118 [240 P.2d 343].)

 In the trial court, the burden of showing excusable delay to avoid the consequences of section 583 is on the party opposing the motion to dismiss. (*Breckenridge* v. *Mason*, 256 Cal.App.2d 121, 127 [64 Cal.Rptr. 201]; *Sprajc* v. *Scandinavian Airlines System, Inc.*, 240 Cal.App.2d 935, 938 [50 Cal. Rptr. 181].) In his opposing declaration plaintiff's counsel sought to excuse his failure to promptly set the cause for trial on the ground that his office personnel did not call the matter to his attention. But the record reflects inactivity in the case for substantial periods of time which counsel did not satisfactorily explain to the trial judge. The first delay started in January 1965 when the pretrial conference was taken off calendar for failure of plaintiff to file Certificate of Readiness; a second pretrial conference was set off calendar because plaintiff's counsel told the court he could not find his file; and six months later, on June 6, 1966, the third one resulted in a trial date of August 23, 1966. Thus counsel was a year and a half setting the cause for trial. Then on the day of trial, because he was engaged in another matter, and at his instance, the cause was placed off calendar; the court's order of August 23, 1966, specifically provided that plaintiff's counsel "may restore the case to the calendar and secure a trial date by presenting a new Memorandum to Set and a Certificate of Readiness . . . within 30 days after 11-25-66." Counsel could not have given this order his careful attention for in total disregard thereof he did not file Memorandum to Set and a Certificate of Readiness until April 24, 1967, five months after the November 25 date. However, this did not place the cause on the trial calendar and almost a year passed without

any action being taken. This second delay without any activity was interrupted on April 1, 1968, by defendant who, miscalculating the time through a clerk's error in affixing the filing date to her copy of the complaint (the stamp shows 1963 instead of 1964), filed a motion to dismiss; it was only then that plaintiff filed notice of motion to restore the cause to the trial calendar. The record reflects clear inattention to the task of expediting his case to a final determination, a complete lack of promptness and diligence in obtaining a new trial date four years and three months following the filing of the complaint, and long periods of inactivity in crucial areas.

٬ While there was nothing before the trial court to show that any delay was caused by counsel's attention to other legal matters, except defense counsel's declaration to the effect that on the trial date (August 23, 1966) the cause was taken off calendar "because plaintiff's attorney was engaged in trial in another matter," plaintiff's counsel now argues that "heavy trial work," "practical impediments," "confusion in trial scheduling" and a technical "procedural mistake" prevented him from properly proceeding in the matter. ■ Pressure of business alone is not determinative of the issue of excuse (*Knight* v. *Pacific Gas & Elec. Co.,* 178 Cal.App.2d 923, 930 [3 Cal.Rptr. 600]); it is but one of the factors that may be considered as a part of the over-all situation establishing excusable cause for a delay. ■ "[T]he power to dismiss should be used 'in view of the facts of the entire situation,' taking into account any unusual circumstances, and acting to promote substantial justice. (E.g. *Daley* v. *County of Butte,* 227 Cal.App.2d 380, 394 [38 Cal.Rptr. 693]; *Ordway* v. *Arata,* 150 Cal.App.2d 71, 75-79 [309 P.2d 919]; *Jepsen* v. *Sherry,* 99 Cal.App.2d 119, 120-121 [220 P.2d 819, 822].)" (*Weeks* v. *Roberts,* 68 Cal.2d 802, 806 [69 Cal.Rptr. 305, 442 P.2d 361].) ■ A trial court will, of course, consider all circumstances in exercising its discretion in the disposition of motions made under section 583, including the degree of prejudice caused a defendant. (*Sprajc* v. *Scandinavian Airlines System, Inc.,* 240 Cal.App.2d 935, 939 [50 Cal. Rptr. 181]; *Holden* v. *California Emp. etc. Com.,* 101 Cal. App.2d 427, 438 [225 P.2d 634].) ■ But here appellant's explanation of his counsel's delay in the case is somewhat different from the brief excuse offered by him in his declaration to the court below. Little wonder the trial court rejected his explanation (*Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 270 [331 P.2d 705]) when considered in the light of the record which demonstrates a lack of activity for extended

periods of time, unreasonable delay in bringing the cause to trial (see *Sprajc* v. *Scandinavian Airlines Systems, Inc.*, 240 Cal.App.2d 935, 937 [50 Cal.Rptr. 181]) and a failure to discharge the duty falling on every person who files an action to prosecute it with reasonable promptness and diligence. (*Paul W. Speer, Inc.* v. *Superior Court*, 272 Cal.App.2d 32, 37 [77 Cal.Rptr. 152]; *Market-Front Co.* v. *Superior Court*, 271 Cal.App.2d 505, 507 [76 Cal.Rptr. 526]; *City of Los Angeles* v. *Superior Court*, 271 Cal.App.2d 292, 295 [76 Cal.Rptr. 256]; *Black Bros. Co.* v. *Superior Court*, 265 Cal.App.2d 501, 506 [71 Cal.Rptr. 344]; *Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 270 [331 P.2d 705].) It is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. (*Clinton* v. *Joshua Hendy Corp.*, 244 Cal.App.2d 183 188 [52 Cal.Rptr. 875]; *Bella Vista Dev. Co.* v. *Superior Court*, 223 Cal.App.2d 603, 614 [36 Cal.Rptr. 106]; *Luna* v. *Valenzuela*, 213 Cal.App.2d 232, 236-237 [28 Cal.Rptr. 649].)

 That on April 19, 1968, plaintiff's motion for order to restore the cause to the trial calendar was granted over defendant's opposition is hardly a ruling that there had been neither prejudice to defendant nor undue delay by plaintiff, as urged by appellant, for the order granting the motion contained the express proviso that "Motion [was] Granted without prejudice to any motion made under Section 583 CCP." Moreover, the setting of a new trial in no way affects defendant's rights to move to dismiss under section 583. (*Atkinson* v. *County of Los Angeles*, 180 Cal.App.2d 467, 473 [4 Cal.Rptr. 423].)

 "Section 583 *requires* a dismissal of an action if it is not brought to trial within five years after it is commenced, and *authorizes* a dismissal, within the discretion of the trial court if it is not brought to trial within two years. As the time passes from two years nearer and nearer to five, the showing required to justify a failure to bring a case to trial grows greater and greater." (*Membrila* v. *Vonett Sales Co.*, 250 Cal.App.2d 299, 300 [58 Cal.Rptr. 544].) Appellant has failed to sustain his burden and has demonstrated no abuse of discretion, and we find none in the record before us.

The order is affirmed.

Wood, P. J., and Thompson, J., concurred.