[Civ. No. 35173. Second Dist., Div. Three. Nov. 19, 1969.]

CARNATION COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
INEZ P. JOHNSON et al., Real Parties in Interest.

**COUNSEL**

Booth, Mitchel, Strange & Willian and E. Gary Smith for Petitioner.

No appearance for Respondent.

Herlihy, Herlihy, Jones & Nelson and Katherine Stoll Burns for Real Parties in Interest.

**OPINION**

**FEINERMAN, J. pro tem.**\*—Petitioner seeks a writ of mandate to compel respondent court to dismiss a personal injury action brought by real party in interest, Inez P. Johnson. Similar relief is also sought as to the complaint in intervention filed by real party in interest, Agricultural Insurance Company, a corporation, workmen's compensation insurance carrier for Johnson.

On August 13, 1964, Inez P. Johnson filed a complaint for damages resulting from personal injuries allegedly sustained by her on August 15, 1963, by reason of the negligence of petitioner and its employees. On September 11, 1964, plaintiff filed a first amendment to the complaint, and

---

\*Assigned by the Chairman of the Judicial Council.

on October 7, 1964, plaintiff filed a second amendment to her complaint. Thereafter, on October 14, 1964, petitioner was served with a copy of the complaint and on October 30, 1964, petitioner filed its answer. On November 2, 1964, an answer to the second amendment to the complaint was filed by petitioner.

. Petitioner took the deposition of plaintiff on April 1, 1965. On September 22, 1965, petitioner took the deposition of Stephen P. Lascola pursuant to notice given to all parties. Counsel for plaintiff did not appear at said deposition. On September 29, 1965, petitioner took the deposition of Betty Kester pursuant to notice given to all parties. Again, there was no appearance for plaintiff at the deposition.

On October 25, 1966, real party in interest, Agricultural Insurance Company, a corporation, filed its complaint in intervention. Petitioner filed its answer to said complaint on January 18, 1967. On August 10, 1967, petitioner took the deposition of Lester E. Nichols, M.D., and on August 11, 1967, petitioner took the deposition of Maurice N. Crakow, M.D. Although both depositions were duly noticed, counsel did not appear for either plaintiff or plaintiff in intervention when the depositions were taken.

Between May 22, 1967, and August 27, 1968, settlement negotiations involving attorneys for all of the parties ensued. Petitioner's final offer in settlement was conveyed to the parties, in writing, on August 27, 1968, but the offer was not accepted and negotiations terminated.

On July 12, 1969, plaintiff in intervention filed a notice of intention to move for early trial. This motion was granted on July 24, 1969, without prejudice to petitioner's right to make a motion for dismissal under Code of Civil Procedure section 583. Trial was set by respondent for August 4, 1969.

On July 31, 1969, respondent denied petitioner's motion for dismissal for lack of prosecution as to both plaintiff and plaintiff in intervention.

The record reflects the fact that the plaintiff failed to file a certificate of readiness or an at-issue-memorandum at any time, failed to attend the court hearing on the motion for early trial setting held on July 24, 1969, failed to attend the hearing on the motion to dismiss held on July 31, 1969, filed no response to the alternative writ issued by this court, and failed to appear in this court on the date of oral argument, November 5, 1969.

. We have concluded that the trial court did abuse its discretion in denying petitioner's motion to dismiss as to the plaintiff. We have further concluded that the respondent did not abuse its discretion in denying the motion to dismiss as to plaintiff in intervention.

■ Section 583 of the Code of Civil Procedure provides in pertinent part: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ." This ". . . power to dismiss should be used 'in view of the facts of the entire situation,' taking into account any unusual circumstances, and acting to promote substantial justice." (*Weeks* v. *Roberts,* 68 Cal.2d 802, 806 [69 Cal.Rptr. 305, 442 P.2d 361]; *Daley* v. *County of Butte,* 227 Cal.App.2d 380, 394 [38 Cal.Rptr. 693]; *Ordway* v. *Arata,* 150 Cal.App.2d 71, 75-79 [309 P.2d 919]; *Jepsen* v. *Sherry,* 99 Cal.App.2d 119, 120-121 [220 P.2d 819, 822].)

■ When more than two years has elapsed from the date of the filing of a complaint, the burden shifts to the plaintiff to make a showing of excusable delay. (*Breckenridge* v. *Mason,* 256 Cal.App.2d 121, 127 [64 Cal.Rptr. 201]; *Sprajc* v. *Scandinavian Airlines System, Inc.,* 240 Cal.App. 2d 935, 938 [50 Cal.Rptr. 181]; *Price* v. *Grayson,* 276 Cal.App.2d 50, 53 [80 Cal.Rptr. 602].) "As the time passes from two years nearer and nearer to five, the showing required to justify a failure to bring a case to trial grows greater and greater." (*Membrila* v. *Vonett Sales Co.,* 250 Cal. App.2d 299, 300 [58 Cal.Rptr. 514].)

In effect, two bench marks are utilized by the trial judge in determining whether or not a plaintiff has met his burden of showing good cause for the delay in bringing a matter to trial. The first bench mark is a quantitative one—how much time has elapsed from the date of the filing of the complaint to the date of the filing of the motion to dismiss. The second bench mark is a qualitative one—the nature of the circumstances specified by the plaintiff as his excuse for not bringing the matter to trial at an earlier date.

■ No all-inclusive list of unusual circumstances that may be considered by the trial court can be set forth, but it would be reasonable for a trial court to consider factors such as delay caused by negotiations for a settlement, admissions of partial liability by a defendant, and extended law and motion and discovery proceedings. It should be emphasized, however, that an excuse that may toll the running of the statute for a period of time does not mean that the plaintiff has ipso facto met the burden of showing excusable delay at a later stage of the proceeding. The plaintiff has a duty to use due diligence at ". . . every stage of the proceeding to expedite his case to a final determination." (*Price* v. *Grayson, supra,* 276 Cal.App.2d 50, 55; *Clinton* v. *Joshua Hendy Corp.,* 244 Cal.App.2d 183, 188 [52 Cal.Rptr. 875].)

If the plaintiff does not meet the burden of showing good cause for the delay, it is an abuse of discretion for the trial judge to refuse to grant the motion to dismiss. (*Paul W. Speer, Inc.* v. *Superior Court,* 272 Cal.App. 2d 32, 37 [77 Cal.Rptr. 152]; *Market-Front Co.* v. *Superior Court,* 271 Cal.App.2d 505, 507 [76 Cal.Rptr. 526]; *City of Los Angeles* v. *Superior Court,* 271 Cal.App.2d 292, 295 [76 Cal.Rptr. 256]; *Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501, 506 [71 Cal.Rptr. 344].)

### THE STATUS OF PLAINTIFF INEZ P. JOHNSON

The record in this case indicates that more than four years and eleven months elapsed from the date of the filing of the complaint by plaintiff to the date of the filing of the motion to dismiss by petitioner. After April 1, 1965, plaintiff did not participate in any of the court proceedings and took no part in any of the discovery proceedings. The only activity of any kind by the plaintiff was her participation in settlement negotiations with the other parties in the period between May 22, 1967, and August 27, 1968. Considering the length of time that had elapsed from the date of the filing of the complaint, this showing by plaintiff did not meet her burden of showing sufficient excusable delay. Pursuant thereto, the trial court had a duty to dismiss the complaint upon the motion of petitioner. The failure to do so was an abuse of discretion.

### THE STATUS OF THE PLAINTIFF IN INTERVENTION, AGRICULTURAL INSURANCE COMPANY, A CORPORATION

After consideration of the record below, this court heretofore issued an alternative writ only as to plaintiff. We find no abuse of discretion by the trial judge in denying the motion to dismiss as to plaintiff in intervention. The position of a workmen's compensation insurance carrier-intervener in an action for damages for personal injuries is different from that of an injured employee, and the dismissal of the complaint will not affect plaintiff in intervention's right to proceed by itself to recover that portion of the plaintiff's claim for which she has received workmen's compensation benefits from the carrier. (See *LaBorde* v. *Mc-Kesson & Robbins, Inc.,* 264 Cal.App.2d 363 [70 Cal.Rptr. 726].)

As to the plaintiff, Inez P. Johnson, let the peremptory writ of mandate

issue as prayed. Writ of mandate is denied as to the plaintiff in intervention, Agricultural Insurance Company, a corporation.

Cobey, Acting P. J., and Allport, J., concurred.