[No. B034846. Second Dist., Div. Six. Feb. 22, 1989.]

MIKE DUCKETT, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
MORRIS L. SKELTON et al., Real Parties in Interest.

## COUNSEL

Richard J. Hildebrandt, Morris, Polich & Purdy, Theodore P. Polich, Jr., and Robert S. Wolfe for Petitioner.

No appearance for Respondent.

Scovis & Scovis and Arthur Scovis for Real Parties in Interest.

## OPINION

**GILBERT, J.**—Code of Civil Procedure[1] section 583.210 requires that a complaint be served within three years of the filing of a complaint. Defendant in a personal injury action was served with a complaint after the three-year period had elapsed. Within the three-year period, however, he filed an answer to a complaint in intervention that was later dismissed prior to the service of the complaint. We hold that his answer to the complaint in intervention does not constitute a general appearance in the action. We therefore grant the petition to quash service of summons on him by plaintiff.

---

[1] Hereafter, all statutory references, unless otherwise noted, shall be to the Code of Civil Procedure.

BACKGROUND

On October 26, 1983, real parties Morris Skelton and George L. Rodriguez were operating a truck owned by their employer. The brakes failed and the truck crashed.

On October 23, 1984, they filed lawsuits against petitioner for personal injuries arising from the accident. Their complaints state that the brake failure was caused by faulty repairs made by petitioner.

On October 31, 1984, Beaver Insurance Company filed a complaint in intervention to recover the amount of workers' compensation benefits it had paid to real parties as a result of the accident. (See Lab. Code, § 3852.) A copy of this pleading was duly served upon petitioner. Petitioner, however, had not as yet been served with real parties' complaints.

On May 5, 1987, petitioner filed his answer to the complaint in intervention. On March 9, 1988, Beaver Insurance filed a request for dismissal of its complaint in intervention.

On March 16, 1988, after more than three years had passed since the filing of the complaints, real parties finally served petitioner with copies of their complaints. Petitioner promptly moved to quash upon the ground that he had not been served by real parties within three years of the commencement of the lawsuit. (§ 583.210.) Real parties opposed this motion by asserting that petitioner had made a general appearance when he filed an answer to the complaint in intervention.

On April 28, 1988, respondent superior court agreed with real parties' position and denied the motion to quash. A petition for writ of mandate was denied by this court. Petitioner next sought review before the California Supreme Court, which ordered the matter transferred to this court with directions to issue an alternative writ.

DISCUSSION

Sections 583.210 and 583.250 provide for mandatory dismissal of a lawsuit if service of the complaint and summons upon a defendant is not made within three years from the time that the lawsuit has been commenced. The service of summons and complaint within a three-year period is not required when the defendant makes a general appearance in the action. (§ 583.220; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 108, pp. 415-417.) A defendant's filing of an answer constitutes an appearance in the action. (§ 1014.)

Real parties in interest argue that the filing of an answer to the complaint in intervention by petitioner constituted a general appearance in the action. Therefore, the dismissal statute is inapplicable. (*Rhode* v. *National Medical Hosp.* (1979) 93 Cal.App.3d 528, 538 [155 Cal.Rptr. 797]; 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 255, pp. 309-310.)

Petitioner, on the other hand, argues that his answer to the complaint in intervention did not constitute an appearance in either of the lawsuits brought by real parties. He reasons that when applying section 583.210 to real parties' personal injury action, a complaint in intervention is a separate and distinct action. Petitioner thus asserts that his appearance in the intervention action does not constitute a general appearance in the other. (E.g., see *Floyd Neal & Associates Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 734, 739 [140 Cal.Rptr. 301]; *Glenwood Homeowners Assn., Inc.* v. *Prosher Development Ltd.* (1980) 111 Cal.App.3d 1002, 1007 [169 Cal.Rptr. 48]; *Botsford* v. *Pascoe* (1979) 94 Cal.App.3d 62, 67 [156 Cal.Rptr. 177].)

A complaint in intervention filed by an employer who seeks to recover benefits from a third party tortfeasor whose negligence caused an employee's injury pursuant to Labor Code section 3852 may be considered a separate action for some purposes, and not a separate action for others.

In *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363], our Supreme Court held that "[r]ecognizing the procedural and substantive interchangeability of employee and employer third party actions, the cases have consistently held that the same statute of limitations, Code of Civil Procedure section 340, subdivision 3, governs both employee and employer actions." (At p. 874.)

It is true the *Sanfax* case describes the employee and employer actions as "essentially the same lawsuit." (*County of San Diego* v. *Sanfax Corp., supra,* 19 Cal.3d at p. 874.) The *Sanfax* court, however, also recognized that it is not the employee's injury that gives rise to the employer's cause of action, but it is the obligation of the employer to pay workers' compensation that gives the employer its cause of action. (*Id.,* at p. 876, fn. 7.)

"The [employer's] right of action against a third party who has caused compensable injury to an employee is separate and distinct from the employee's cause of action . . . ." (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1988) § 24.01[6].)

In *Carnation Co.* v. *Superior Court* (1969) 1 Cal.App.3d 891 [82 Cal.Rptr. 98], the appellate court recognized the separate nature of a complaint in intervention for reimbursement of workers' compensation benefits.

The employee sued defendant for personal injuries, and the employer filed a complaint in intervention for reimbursement of workers' compensation benefits. Defendant sought a writ of mandate to compel dismissal of both actions for failure to bring to trial after two years. (Former § 583, subd. (a).) The appellate court granted the writ of mandate as to the action by the employee but denied it as to the intervener's subrogation action. "We find no abuse of discretion by the trial judge in denying the motion to dismiss as to plaintiff in intervention. The position of a workmen's compensation insurance carrier-intervener in an action for damages for personal injuries is different from that of an injured employee, and the dismissal of the complaint will not affect plaintiff in intervention's right to proceed by itself to recover that portion of the plaintiff's claim for which she has received workmen's compensation benefits from the carrier." (*Carnation, supra,* at p. 896.)

*Deutschmann* v. *Sears, Roebuck & Co.* (1982) 132 Cal.App.3d 912 [183 Cal.Rptr. 573] is, as petitioner points out, remarkably similar to the instant case. Plaintiff did not serve her complaint for personal injuries on defendant within three years after the filing of the complaint. Her insurer filed a complaint in intervention and served its complaint within three years of filing. The Court of Appeal affirmed the trial court's dismissal of the plaintiff's action, but not the dismissal of the complaint in intervention. The appellate court pointed out the "significance . . . [of] the fact that an insurer under such circumstances is not limited to an action in intervention; [it] may bring a separate independent action to recover directly from the third party tortfeasor. [Citation.] Thus, [it] has an independent cause of action against the third party for recovery of the amount he was obligated to pay to the insured . . . ." (*Id.,* at pp. 915-916.) The court held that the complaint in intervention, having been validly filed and served, had an independent life of its own regardless of the original plaintiff's failure to timely file proof of service of her complaint. (*Id.,* at p. 918.) The principle in *Deutschmann* is applicable here even though *Deutschmann* involved insurance subrogation.

Not surprisingly, real parties in interest rely on *Rhode* v. *National Medical Hosp., supra,* 93 Cal.App.3d 528. In *Rhode,* the intervening employer failed to serve a summons and complaint in intervention within three years of filing the intervention action. The two codefendants answered the complaint filed by the injured worker in his action for damages. Just as trial was to begin, the employer was given leave to amend its complaint in intervention to seek reimbursement from a codefendant. The defendant was served the next day, more than three years after filing the original complaint in intervention.

The Court of Appeal held that failure to serve the amended complaint in intervention within three years did not require dismissal because the defendant had made a general appearance in the original action filed by the employee. Therefore, the court reasoned that the purpose of the three-year statute "'to compel reasonable diligence in the prosecution of an action after it has been commenced [citations] . . .'" was not undermined. (*Rhode* v. *National Medical Hosp., supra,* 93 Cal.App.3d at p. 538.) The court thus rejected the defendants' arguments that their appearance in the original action did not constitute an appearance in the intervener's separate action.

The injured employee does not control the intervening employer's case. The employer's action does not depend on the employee's action for its vitality. (See *Carnation Co.* v. *Superior Court, supra,* 1 Cal.App.3d 891; *Deutschmann* v. *Sears, Roebuck & Co., supra,* 132 Cal.App.3d at p. 916; 4 Witkin, Cal. Procedure, *supra,* at § 254, pp. 308-309.)

Petitioner is correct when he argues that *Rhode* is much different from the situation here. In *Rhode,* the complaint in intervention was filed in an ongoing action being "diligently prosecuted" by the injured worker. Here the case was not being diligently prosecuted and the complaint in intervention had been dismissed with prejudice. ■ The *Rhode* court pointed out that dismissing the "complaint in intervention for failure to effect service within the three-year period allowed by Code of Civil Procedure section 581a would not advance the purpose behind the statute, which is 'to compel reasonable diligence in the prosecution of an action after it has been commenced [citations] and "expedite litigation and require it to be brought to conclusion within reasonable time limits. [Citations.]"'" (*Rhode* v. *National Medical Hosp., supra,* 93 Cal.App.3d at p. 538.) Our holding advances that policy.

■ We disagree with *Rhode* to the extent it views a complaint in intervention as inextricably linked to the main action. Its dictum that "the vitality of an action in intervention is linked to the vitality of the main action" (*Rhode* v. *National Medical Hosp., supra,* 93 Cal.App.3d at p. 539) may be applicable in the *Rhode* facts where, as petitioner points out, the complaint in intervention was served while the prosecution was continuing in the main action. This dictum, however, is inaccurate if used to describe the nature of a complaint in intervention.

Even under the *Sanfax* case, were we to treat petitioner's answer to the complaint in intervention as a general appearance, we would be doing injury to the goals of the employee-employer statutes. "[T]he statutes which prescribe employee and employer actions appear to have as one objective the goal of reducing the likelihood that a third party will be forced to defend

more than one action." (*County of San Diego* v. *Sanfax Corp., supra,* 19 Cal.3d at p. 881.) The complaint in intervention had been dismissed. Should petitioner now have to defend against real parties' complaints, he would be in effect defending more than one action.

Let a writ of mandate issue compelling respondent superior court to vacate its order denying the motion to dismiss and to enter a new order consistent with the views expressed in this opinion.

Stone (S. J.) P. J., and Abbe, J., concurred.

Petitioner's application for a rehearing was denied May 17, 1989.