226 Cal.App.3d 535 (1990)
276 Cal. Rptr. 281
DIANE KUCHINS, Plaintiff and Appellant,
v.
PAUL HAWES et al., Defendants and Respondents; PACIFIC CONPENSATION INSURANCE, Intervener and Respondent.
Docket No. A048349.
Court of Appeals of California, First District, Division Two.
December 20, 1990.
*537 COUNSEL
John C. Smith, Jr., for Plaintiff and Appellant.
Hardin, Cook, Loper, Engel & Bergez, Willard L. Alloway, Christine S. Daniel, Margaret deB. Brown, Sarah J. Diehl and Steven D. Rathfon for Defendants and Respondents.
Horowitz & Pietraczyk and Hagai Horowitz for Intervener and Respondent.
OPINION
SMITH, Acting P.J.
On November 10, 1986, plaintiff and appellant Diane Kuchins filed a complaint against defendants Paul Hawes, Pacific Bell (Pac Bell), and American Protective Services, Inc. (APS). Plaintiff did not serve the complaint on any named defendant until May 10, 1989, some two and one-half years later. The trial court dismissed plaintiff's action for failure to serve the complaint on a timely basis, pursuant to Code of Civil Procedure sections 583.410 and 583.420.[1]
Plaintiff appeals, claiming the trial court abused its discretion in granting defendants Hawes's and Pac Bell's motions to dismiss her complaint for failure to serve the complaint within two years. We conclude that there was no abuse of discretion in granting the dismissals and affirm the judgment of the lower court.

BACKGROUND
Plaintiff was allegedly injured by an automobile driven by defendant Hawes, an employee of defendant Pac Bell. On November 10, 1986, plaintiff filed a complaint against Hawes, Pac Bell, and APS. However, she did not *538 immediately serve the complaint on any defendant. On November 25, 1986, Pacific Compensation (Pac Comp) filed a complaint in intervention, also naming Hawes, Pac Bell, and APS.
On June 20, 1988, Pac Comp served its complaint in intervention on Hawes, which he answered on August 5, 1988. Pac Comp served its complaint in intervention on Pac Bell in February 1988, which it answered on June 12, 1989. The record does not indicate when or if APS was served with the complaint in intervention, but APS filed a motion to dismiss it, which the court granted on September 19, 1988.
On May 5, 1989, plaintiff's counsel wrote to counsel for Hawes, confirming a telephone discussion regarding postponement of depositions and service of plaintiff's complaint. This letter is the only evidence in the record of plaintiff's attempt at discovery or prosecution of her action prior to May 10, 1989.
On May 10, 1989, two and one-half years after originally filing it, plaintiff served the complaint on Hawes, Pac Bell and APS. All three defendants answered, after which there were intermittent flurries of discovery relating to both the complaint and complaint in intervention.
On August 2, 1989, Pac Bell moved to dismiss plaintiff's complaint on the grounds that she had failed to serve it within two years. Hawes and APS filed similar dismissal motions on the same grounds.
On November 28, 1989, the trial court granted Hawes's and Pac Bell's motions to dismiss the complaint. A judgment dismissing plaintiff's complaint as to those parties[2] was entered on the same day. Plaintiff filed a timely notice of appeal from the judgment of dismissal.

APPEAL
(1) A trial court has discretion to dismiss an action for delay in prosecution (§ 583.410, subd. (a)) when service is not made within two years after the action is commenced (§ 583.420, subd. (a)(1)). An action is commenced at the time the complaint is filed. (§ 583.210, subd. (a); Gray v. Firthe (1987) 194 Cal. App.3d 202, 207-209 [239 Cal. Rptr. 389].) Where a trial court has dismissed an action at its discretion, it will be reversed on appeal only where a manifest abuse of that discretion has been shown. (Freedman v. Pacific Gas & Electric Co. (1987) 196 Cal. App.3d 696, 704 [242 Cal. Rptr. *539 8]; Blank v. Kirwan (1985) 39 Cal.3d 311, 331 [216 Cal. Rptr. 718, 703 P.2d 58].)

I
(2) A preliminary issue, not fully briefed by the parties, is the effect of service of the intervener's complaint on the defendants within the two-year discretionary dismissal period. Specifically, we must determine whether service of Pac Comp's complaint in intervention on Hawes and Pac Bell before the two-year period expired operated as an effective service of plaintiff's complaint for purposes of the dismissal statutes.
Plaintiff filed her action on November 10, 1986, but did not serve any defendant until May 10, 1989, six months after the two year period expired. However, both defendants were admittedly served with the complaint in intervention before the end of the two year period.
The California Supreme Court has not addressed the issue of whether service of a complaint in intervention upon a defendant satisfies the requirement that a plaintiff serve his or her complaint within the two-year period under sections 583.410 and 583.420. Appellate courts that have addressed this issue in a variety of contexts have reached different conclusions. The Second District now appears to view an action by an intervener as separate and independent from the underlying action. (Duckett v. Superior Court (1989) 207 Cal. App.3d 1419 [255 Cal. Rptr. 733]; Deutschmann v. Sears, Roebuck & Co. (1982) 132 Cal. App.3d 912 [183 Cal. Rptr. 573]; Carnation Co. v. Superior Court (1969) 1 Cal. App.3d 891 [82 Cal. Rptr. 98], disapproved on other grounds in Denham v. Superior Court (1970) 2 Cal.3d 557, 563 [86 Cal. Rptr. 65, 468 P.2d 193].)
The court in Deutschmann, supra, reasoned that to hold an intervener's action inseparable from an underlying action would interfere with one purpose of the intervention statutes: to avoid a multiplicity of suits. "If negligent or intentional lack of prosecution on the part of a plaintiff could deprive an intervener of his cause of action, interveners would ... bring independent actions to pursue their ... rights." (132 Cal. App.3d at p. 917.)
The court in Duckett, supra, held that a defendant's answer to a complaint in intervention did not constitute a general appearance in the underlying action. (207 Cal. App.3d at 1420.) The court explained that its holding advanced the policies of compelling reasonable diligence in prosecution and expediting litigation, since the underlying action had not been diligently prosecuted and the complaint in intervention had been voluntarily *540 dismissed. (Id., at p. 1424.) To hold otherwise would breathe new life into an underlying action which plaintiff had unreasonably failed to prosecute.
Following the reasoning developed in these cases, service of Pac Comp's complaint in intervention should not operate as effective service of plaintiff's underlying complaint. Further, Hawes's answer to the complaint in intervention within the two-year period should not constitute a general appearance in the underlying action. Since the complaint in intervention and the complaint are separate entities, action taken by a defendant in response to the former should not bind that defendant in the latter.
We note, nevertheless, that the Fifth District has taken the position that a complaint and a complaint in intervention are interchangeable and essentially the same lawsuit. (State Compensation Ins. Fund v. Selma Trailer & Manufacturing Co. (1989) 210 Cal. App.3d 740 [258 Cal. Rptr. 545] (Selma Trailer), Johnson v. Santos (1983) 148 Cal. App.3d 566 [196 Cal. Rptr. 145].) These decisions, however, arose in a context much different from the instant case. In both Selma Trailer and Johnson, an intervener was not permitted to file a complaint in intervention after expiration of the time period allotted plaintiff to prosecute his action. The courts held that to allow the intervener to do so would undermine another purpose of intervention, which is to avoid delay. The court in Selma Trailer reached its conclusion by relying on language in County of San Diego v. Sanfax Corp. (1977) 19 Cal.3d 862 [140 Cal. Rptr. 638, 568 P.2d 363], indicating that a complaint and complaint in intervention are "substantively as well as procedurally ... interchangeable and essentially the same lawsuit...." (Selma Trailer, supra, 210 Cal. App.3d at p. 755.)
If we were to accept in isolation the maxim that a complaint and a complaint in intervention are essentially the same lawsuit, we might be tempted to conclude that service of Pac Comp's complaint in intervention operated as an effective service of plaintiff's complaint. We decline to do so, however, since application of such an interpretation in this case would promote rather than prevent protracted delay and lack of diligence.
Plaintiff herein undisputedly failed to serve defendants for two and one-half years following the filing of her action. Allowing her to benefit from the diligence of her workers' compensation carrier would sanction dilatory prosecution on the part of plaintiffs. While defendants here may have known of plaintiff's suit because of the service of the complaint in intervention, mere knowledge of an action is neither equivalent to, nor a substitute for, adequate service. (Trailmobile, Inc. v. Superior Court (1989) 210 Cal. App.3d 1451, 1457 [259 Cal. Rptr. 100].)
*541 We conclude that plaintiff should not be permitted to ride on the coattails of the intervener and obtain by the intervener's diligence that which she failed to achieve by her own effort. Therefore, service of Pac Comp's complaint on defendants Hawes and Pac Bell did not operate as service of plaintiff's underlying complaint, nor can these defendants' answers to the intervention complaint be deemed general appearances in plaintiff's action for purposes of the dismissal statutes.

II
(3a) We turn now to the remaining issue: whether the trial court abused its discretion in dismissing plaintiff's complaint as to defendants Hawes and Pac Bell. (4) The appellant carries the burden of demonstrating an abuse of discretion. (Trailmobile, Inc. v. Superior Court, supra, 210 Cal. App.3d 1451, 1455.) An appellate court may reverse the trial court's decision only if, based on the evidence viewed most favorably in support of the trial court's decision, it finds that no reasonable judge could have reached the same result. (Smith v. Smith (1969) 1 Cal. App.3d 952, 958 [82 Cal. Rptr. 282].)
(3b) Despite plaintiff's claims that "discovery was ongoing," she admits her only attempt at prosecution of the action or discovery in the two and one-half years was filing the complaint and writing one letter confirming a phone conversation. Plaintiff has not offered any reasonable justification for this inactivity. Although she did conduct discovery after service of process, a belated manifestation of diligence does not operate to justify an earlier unjustified protracted delay. (Freedman v. Pacific Gas & Electric Co., supra, 196 Cal. App.3d 696, 709; Lopez v. Larson (1979) 91 Cal. App.3d 383, 395 [153 Cal. Rptr. 912].) Plaintiff cites the oft-quoted statement that the interests of justice weigh against disposing of litigation on procedural grounds. However, that policy will prevail only where a plaintiff makes some showing of excusable delay in failing to prosecute. (Freedman v. Pacific Gas & Electric Co., supra, at p. 704; Salas v. Sears, Roebuck & Co. (1986) 42 Cal.3d 342, 347 [228 Cal. Rptr. 504, 721 P.2d 590].) No such showing was present here.
The trial court impliedly found that plaintiff's total and inexcusable inactivity for two and one-half years after filing her complaint constituted sufficient grounds for dismissal. This finding is both sound and reasonable. We cannot substitute our own judgment for that of the trial court. Viewed most favorably in support of the judgment below, the record supports the trial court's exercise of discretion in dismissing the action.

*542 DISPOSITION
Judgment affirmed.
Benson, J., and Peterson, J., concurred.
Appellant's petition for review by the Supreme Court was denied March 13, 1991.
NOTES
[1] All further statutory references are to the Code of Civil Procedure.
[2] On July 25, 1989, the court granted APS's motion to dismiss plaintiff's complaint. Consequently, APS was no longer a defendant on either plaintiff's action or the complaint in intervention. APS is not a party to this appeal.